IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joseph Simpson, | |
| *Plaintiff,* | No. 18-cv-553 |
| *-vs-* | Hon. Charles Norgle |
| | Hon. Sharon Johnson Coleman |
| Cook County Sheriff's Office, *et al.,* | |
| *Defendants.* | |

**REPLY MEMORANDUM FILED IN SUPPORT OF FED. R. CIV. P. 12 MOTION TO
DISMISS BY DEFENDANT COOK COUNTY MERIT BOARD**

Defendant, Cook County Sheriff's Merit Board, ("Merit Board") by its counsel, Kimberly Foxx, State's Attorney of Cook County, and for its Reply in support of its Rule 12(b)(6) of the Federal Rules of Civil Procedure, states:

I.     Introduction

The original Complaint contains claims asserted by four persons against the Merit Board. But Plaintiffs acknowledge that the Complaint raised claims improperly on behalf of Messrs. Harris and Richardson.[1]   While Plaintiff Simpson similarly does not plead facts in the Complaint necessary to state a claim, he argues that there are facts outside the Complaint which preclude dismissal.  Finally, Plaintiffs Simpson and Merkerson incorrectly argue in favor of the viability of various claims, failing to address or distinguish authority to the contrary.  For each of these reasons, the Complaint as directed against the Merit Board should be dismissed with prejudice.

---

[1] The parties have entered into negotiations concerning a Stipulation related to the claims raised in the Complaint against the Merit Board by Plaintiffs Harris and Richardson.

II.  *Counts I & II – The Merit Board Was Never Given the Proper Notice of the EEOC Proceedings Nor was It Afforded the Opportunity to Engage in Conciliation*.

Plaintiffs argue that they have not made the EEOC charges central to the Complaint and concede that they did not submit an EEOC charge directly against the Merit Board.  However, Plaintiffs seek to minimize the gravity of this error by arguing that the Merit Board should have gleaned that it was a potential target for Title VII claims because the EEOC requested documents concerning applicants.  However, Plaintiffs argument that the Merit Board "knew or should have known of the EEOC charge *and* that their conduct would be the subject of the EEOC inquiry" is not supported by the record or their Complaint. (Plf. Resp. pp. 6) (emphasis added) *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 906 (7th Cir. 1981) (dismissal reversed after the court concluded that a party not subject to the EEOC charge knew or should have known of the EEOC charge *and* that their conduct would be the subject of the EEOC inquiry). While Plaintiffs plead that the Merit Board knew that certain Plaintiffs asserted EEOC charges against the Sheriff, there is no indication or allegation that the Merit Board knew or should have known that its own conduct would be subject to EEOC inquiry.  For this reason alone, *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 906 (7th Cir. 1981) is readily distinguished.

Plaintiffs' heavy reliance on *Eggleston* is further misplaced given that the two defendants in in that case shared control and leadership of the entities subject to the plaintiff's claim. In *Eggleston,* the members of the board of the party seeking dismissal were also serving as officers of the defendant named in the EEOC charge.  *Eggleston*, 657 F.2d at 906.  Furthermore, certain members of the defendant in *Eggleston* who raised this defense signed pleadings and declarations on behalf of both entities in that litigation.  *Eggleston*, 657 F.2d at 906.  This case is readily distinguishable from *Eggleston* in that the leadership teams and composition of the Merit Board and Sheriff are

2

separate. There is nothing in the Complaint nor is there anything contained within the EEOC charges which would have put the Merit Board on notice that its own conduct was subject to inquiry. Further, there is no indication – or allegation – that the Merit Board leadership was so comingled with the Sheriff such that the Merit Board had a full understanding of the EEOC charges leveled by Plaintiffs Merkerson or Simpson.

There is, however, an additional reason that the *Eggleston* exception to the general rule that a party not named in an EEOC charge cannot later be sued under Title VII does not apply here. In *Eggleston,* the court noted that its conclusion that a party was not deprived of conciliation was supported by the fact that the defendant did not settle the claims against it after the plaintiff filed his later EEOC charge, specifically naming the defendant absent from the EEOC charge. *Eggleston* v, 657 F.2d at 907. There is no allegation that such an event took place here.

Considering the broad distinctions between the instant case and the facts giving rise to the *Eggleston* exception, the general rule that an "organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that [it] had notice of the claim against it, as opposed to [another related party], and had an opportunity to conciliate on its own behalf" should apply. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001) ("Under the law of this circuit, a parent organization not named in the plaintiff's EEOC charge must be dismissed from the suit unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf."); *Tamayo v. Blagojevich*, 526 F.3d 1074. Plaintiffs never filed an EEOC charge against the Merit Board.

Plaintiffs Merkerson and Simpson each assert claims against the Merit Board which should be dismissed with prejudice as the EEOC Charge and the Complaint do not implicate the same

3

conduct or individuals. *Schnellbaecher,* 887 F.2d at 126; s*ee Naser v. Creative Designs Mgmt. Co*., No. 12 C 1997, 2012 U.S. Dist. LEXIS 124308, at *12 (N.D. Ill. Aug. 30, 2012) (Kendall, J.) ("As a result of not being named in [plaintiff's] EEOC Charge the unnamed [d]efendants did not have any notice that [plaintiff] intended to allege that they violated Title VII and were deprived of the opportunity to participate in conciliation… and redress [plaintiff's] grievances. For this reason alone, all of the Defendants except for [those named in the EEOC Charge] are dismissed []."); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) ("This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals."); *Shamim v. Siemens Indus.,* 854 F. Supp. 2d 496, 504, 2012 U.S. Dist. LEXIS 46231, *13, 2012 WL 1107756.

III.     *Count III – Plaintiffs Have Not Stated an Equal Protection Claim*

Plaintiffs assert that their equal protection claim in Count III alleges "intentional, not disparate impact race discrimination by the Merit Board and the Sheriff's Office in the hiring of correctional officers" and cites Paragraph 98 of the Complaint in support. However, the Complaint plainly incorporates the disparate impact allegations of Paragraphs 1-94, and principally Paragraph 96 of the Complaint wherein Plaintiffs repeatedly allege that their claim sounds in disparate impact.  But the Supreme Court held in *Washington v. Davis*, 426 U.S. 229, 246-48, 96 S. Ct. 2040, 2051 (1976), that disparate impact does not violate the equal protection clause of the fourteenth amendment and cannot be redressed by suits under §1983. *See also, e.g., Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 99 S. Ct. 2282 (1979); *Bond v. Atkinson*, 728 F.3d 690, 692-93 (7th Cir. 2013).

Plaintiffs must allege an intentional discriminatory purpose or practice to overcome this burden.  *United States v. Chicago*, 549 F.2d 415, 435 (7th Cir. 1977); *Bond*, 728 F.3d at 692-9.

They have failed to allege a single discriminatory purpose or practice supported by so much as one fact to bring the conclusory allegation of Paragraph 98 into the realm of plausibility. Instead, Plaintiffs argue that there was a disparate impact and therefore there must also be a discriminatory purpose by the Merit Board. However, that claim was included with the admission that the Merit Board certified three of the four named African American Plaintiffs as "eligible" for hire in the two years prior to the filing of the Complaint. Plaintiffs' own allegations belie the plausibility of the claim as it pertains to the Merit Board. Without Plaintiff providing some facts supporting plausibility, Count III of the Complaint against the Merit Board should be dismissed.

IV. *Count IV – Plaintiff Merkerson Concedes He Received the Notice of Disqualification More than Two Years Prior to Filing Suit & Simpson Raises New Claims Not Addressed by the Complaint*

As Plaintiff Merkerson concedes, he received his Notice of Disqualification from the Merit Board on October 27, 2015 and did not file suit until January 24, 2018. Plaintiff Merkerson argues that he was not injured until January 25, 2016 when other persons received job offers; but he cites no legal support for this premise. Perhaps Plaintiff Merkerson's claim against the Sheriff accrued on the date other persons were hired, but there is no dispute that the Merit Board's inquiry into Plaintiff Merkerson's employment application concluded negatively in October of 2015. Plaintiff Merkerson knew that he was denied certification by the Merit Board on October 27, 2015. Regardless of the date other persons were hired, Plaintiff's employment hopes as a correctional officer ended unequivocally on the date Plaintiff Merkerson received his Notice of Disqualification.

As such, Plaintiff Merkerson's injury arose and his action accrued in October of 2015. The statute of limitations for personal injury claims in Illinois is two years. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). Plaintiff Merkerson waited two years and three months to file

suit. Plaintiff Merkerson cites no law supporting a deviation by this Court from the established statute of limitations in Illinois. Accordingly, this Court should find that his claim is time-barred. *See, e.g. Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1988).

Similarly, the only date specifically pleaded concerning a denial of employment for Plaintiff Simpson by the Merit Board occurred well outside the statutory period for filing a claim, (see ECF No. 1 ¶24.) Plaintiff acknowledges that he was certified as "eligible" for employment by the Merit Board in 2015, and asserts he was denied employment (but not by whom) in 2018. Accordingly, Plaintiff Simpson's claims against the Merit Board should be dismissed with prejudice as untimely if they pertain to actions taken by the Merit Board prior to January 24, 2016, or dismissed without prejudice for being improperly vague and lacking any factual support if they pertain to some action or omission by the Merit Board which purportedly occurred later but has not been set forth in the Complaint.

V. *Count V – Plaintiffs' Illinois Civil Rights Act Claims are Time-Barred*

Plaintiffs here assert claims against local governmental entities, thus modifying the statute of limitations for their state law claims. *See* 745 Ill. Comp. Stat. 10/8-101. While a two-year statute of limitations applies to Plaintiffs' 42 U.S.C. § 1983 claims and generally applies to personal injury actions in Illinois, a one-year period applies to Plaintiffs' state-law claims against a governmental agency such as the Merit Board. See 735 ILCS 5/13-202 (two-year statute of limitations for Illinois personal injury); *But Cf. Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (one-year statute of limitations for state law claims against local governmental entities), (*citing* 745 Ill. Comp. Stat. 10/8-101). Plaintiffs argue that the Illinois Civil Rights Act provides for a two-year statute of limitations. (Plf. Resp. pp 10;) 740 ILCS 23/5(b). However, Plaintiffs do not address the specific

limitation posed on all statutory claims asserted against local entities by 745 ILCS 10/8-101, which provides in pertinent part that: "[n]o civil action […] may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued," and that "the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." 745 ILCS 10/8-101(a), (c). The one-year statute of limitations is specifically imposed upon actions brought pursuant to the Illinois Civil Rights Act when that claim is grounded in an Illinois statute. 745 ILCS 10/8-101(c). Accordingly, this Court should find that Plaintiffs' claims in Count V are barred by the statute of limitations because Plaintiffs waited two years to file them.

VI.  *The Employment Policies Challenged Belong to the Sheriff, and Not the Merit Board and the Monell Claims Against the Merit Board Should Be Dismissed*

Plaintiffs admit "the Sheriff's Office has final responsibility for hiring decisions – and the Sheriff's Office *is also* liable for *the [Merit] Board's* discriminatory policies." (Plf. Resp. pp. 11); *see also Bless v. Cook Cnty. Sheriff's Office,* 2016 U.S. Dist. LEXIS 29961, *13. However, Plaintiffs believe that they may also recover against the Merit Board for the same policies. This however, does not hold true. First, there cannot be a double recovery for the same injury. Next, to hold the Merit Board liable for a constitutional violation, it is not enough that an individual acting for the entity acted unconstitutionally. Rather, under *Monell*, "a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [public entity], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2010); *Bless v. Cook Cnty. Sheriff's Office,* 2016 U.S. Dist. LEXIS 29961, *13. Plaintiffs have not pleaded any facts establishing *Monell* liability on behalf of the Merit Board. Accordingly, these counts should also be dismissed.

Conclusion

For each of the foregoing reasons, Plaintiffs' Complaint as directed against the Merit Board should be dismissed in its entirety and with prejudice.

Dated: May 29, 2018

KIMBERLY M. FOXX
State's Attorney of Cook County

By:     _/s/ Jessica M. Scheller_____
        Jessica M. Scheller
        Assistant State's Attorney
        Conflicts Counsel
        69 West Washington, Suite 2030
        Chicago, IL 60602
        (312) 603-1427
        jessica.scheller@cookcountyil.gov
        _Counsel for Defendant Merit Board_

8