UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH D.G. SIMPSON, FREDERICK MERKERSON, MAURICE RICHARDSON, and JONATHAN HARRIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, COOK COUNTY SHERIFF'S MERIT BOARD, and COUNTY OF COOK <br><br> Defendants. | Case No. 18-cv-553 <br><br> Judge Sharon Johnson Coleman |

**ORDER**

The Cook County Sheriff's Office and County of Cook's motion to dismiss [31] is granted in part and denied in part. The Cook County Sheriff's Office is dismissed without prejudice, and Sheriff Dart is substituted as a defendant in his official capacity. Counts III, IV, and V are dismissed with respect to plaintiffs Merkerson and Harris.

**STATEMENT**

The plaintiffs, Joseph D.G. Simpson, Frederick Merkerson, Maurice Richardson, and Jonathan Harris, allege that the Cook County Sheriff's Office and Cook County Sheriff's Merit Board have discriminated against them based on their race by rejecting their applications to be correctional officers, in violation of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the Illinois Civil Rights Act, and the Equal Protection Clause of the United States Constitution. They specifically allege that since 2013 the number of African Americans hired to be correctional officers has declined noticeably, and that this decline is attributable to racial bias

1

and racial discrimination during the hiring process. The Cook County Sheriff's Office and the County of Cook move to dismiss portions of the plaintiffs complaint against them for failure to state a claim.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

The defendants first contend that the Cook County Sheriff's Office should be dismissed because it is not a suable entity. As the parties' arguments demonstrate, within this district there is some ambiguity as to whether the Cook County Sheriff's Office is a proper defendant in section 1983 actions. The Court need not resolve that issue, however, as the plaintiffs have conceded that it would be appropriate to dismiss the Cook County Sheriff's Office and to substitute Sheriff Dart in his official capacity, with the substitution relating back to the filing of the original complaint. This Court agrees that the Cook County Sheriff's Office and Sheriff Dart, in his official capacity, are effectively the same entity for the purpose of this suit. The Court therefore dismisses the Cook County Sheriff's Office without prejudice and substitutes Sheriff Dart in his official capacity.

The defendants next contend that the County of Cook is not liable for the alleged actions of the Sheriff's Office. It is undisputed that the plaintiffs have named Cook County as a defendant solely for purposes of indemnification. *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 636 (7th Cir.

2009). To the extent that the complaint is ambiguous on this point, the plaintiffs concede, and this Court holds, that the complaint only contains a claim for indemnification against Cook County.

The defendants contend that the plaintiffs' claims are time-barred. A plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses such as a statute of limitations defense. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). A complaint, however, may be dismissed on statute of limitations grounds when the allegations of the complaint make clear that relief is barred by the applicable statute of limitations. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Here, the parties agree that a two-year statute of limitations applies to the plaintiffs' section 1981 and 1983 claims. *Dominguez v. Hendlery*, 545 F.3d 585, 588 (7th Cir. 2008). Accordingly, in order to be timely the plaintiffs' claims must have accrued after January 24, 2016.

The defendants seemingly concede that the plaintiffs have adequately alleged that the decision not to hire Simpson and Richardson was made within the statute of limitations period. The plaintiffs, in turn, appear to concede by omission that the decision not to hire Merkerson and Harris occurred outside the statute of limitations period. The Complaint, moreover, is clear as to when those plaintiffs were denied employment. Merkerson was denied employment on October 27, 2015, when he received a Notification of Disqualification from the Merit Board. Harris' employment application. in turn, was rejected on March 20, 2015. The plaintiffs do not allege that tolling or other equitable considerations should modify the application of the statute of limitations here. Accordingly, Merkerson and Harris have failed to state timely claims under sections 1981 and 1983.

The defendants next contend that the plaintiffs' claims for violation of the Illinois Civil Rights Act are time barred. The defendants' base their argument on the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101(a), which provides a general one-year statute of limitations on civil actions commenced against local governmental entities or their

employees.  The Illinois Civil Rights Act, however, went into effect after 745 ILCS 10/8-101 and expressly provides that claims brought under it are subject to a two-year statute of limitations.  *See Brown v. Cook County*, Nos. 17 C 8085, 17 C 8146, 17 C 9056, 2018 WL 3122174, at *11 (N.D. Ill. June 26, 2018) (declining to decide the issue, but observing that allowing a defendant to avoid liability for alleged discrimination under another provision of the Tort Immunity Act would undermine the very purpose of the Illinois Civil Rights Act); *see also Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 646, 127 S.Ct. 2518, 168 L.Ed.2d 467 (2007) (recognizing that statutory repeal may be inferred where a later statute expressly contradicts the original act).  The Court accordingly applies a two-year statute of limitations to the plaintiffs' Illinois Civil Rights Act claims, and therefore concludes that Merkerson and Harris cannot state timely claims under that statute.

The defendants further argue that Simpson has failed to exhaust his administrative remedies and therefore cannot proceed with his Title VII claims.  Here, however, Simpson's co-plaintiffs brought timely EEOC charges.  The plaintiffs assert that Simpson can therefore "piggy-back" on his co-plaintiffs administrative exhaustion.  Under the single-filing doctrine (also known as the piggybacking doctrine), an individual who has not exhausted his administrative options may join a lawsuit filed by another individual who has administratively exhausted, so long as both claims arise from the same or similar discriminatory conduct committed during the same period and the other individual's EEOC charge noted the collective nature of the discrimination claim.  *Rogers v. Ford Motor Co.*, No. 12 C 7220, 2013 WL 3895279, at *3 (N.D. Ill. July 26, 2013) (Gotschall, J.).  Here, the remaining plaintiffs' EEOC complaints all involved the same conduct and same relative time period as Simpson's claims, and all alleged the collective nature of the discrimination complained of.  The defendants, moreover, have offered no argument opposing the application of the single-filing

4

doctrine. Accordingly, the Court concludes that under the single-filing doctrine Simpson was not required to exhaust his administrative remedies prior to joining in this lawsuit.

Finally, the defendants contend that the plaintiffs cannot state a disparate impact claim because they have not alleged or administratively exhausted allegations of a facially neutral employment practice. Seventh Circuit precedent, however, does not require that disparate-impact claims be based on a facially neutral employment practice, and the defendants' arguments, which are based on outdated caselaw, are therefore without merit. *Adams v. City of Indianapolis*, 742 F.3d 720, 731 (7th Cir.2014). ("Disparate-impact claims may be based on any employment policy, not just a facially neutral policy.").

IT IS SO ORDERED.

Date: 8/8/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge