# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH D.G. SIMPSON, FREDERICK MERKERSON, MAURICE RICHARDSON, and JONATHAN HARRIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, COOK COUNTY SHERIFF'S MERIT BOARD, and COUNTY OF COOK <br><br> Defendants. | Case No. 18-cv-553 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

The plaintiffs, Joseph D.G. Simpson, Frederick Merkerson, Maurice Richardson, and Jonathan Harris, allege that the Cook County Sheriff's Office and Cook County Sheriff's Merit Board ("The Merit Board") have discriminated against them based on their race by rejecting their applications to be correctional officers, in violation of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the Illinois Civil Rights Act, and the Equal Protection Clause of the United States Constitution. The Merit Board now moves to dismiss the plaintiffs' claims against it. For the reasons set forth herein, that motion is granted and the Merit Board is dismissed without prejudice

**Background**

The plaintiffs allege that the Cook County Sheriff's Office and the Merit Board have engaged in a pattern of intentional discrimination and disparate treatment against African American applicants to be correctional officers.

1

The Cook County Sheriff's Merit Board is an administrative body authorized by statute. The Board's purpose is to create employment policies and make employment decisions for the Cook County Sheriff's Office. The Merit Board is the final decisionmaker as to whether applicants are certified as "eligible for hire," a designation which is a prerequisite to the Sheriff's Office's final hiring decision.

Of the plaintiffs, Simpson, Richardson, and Harris were certified for employment by the Merit Board, but subsequently had their applications denied by the Sheriff's Office. Merkerson applied to be a corrections officer in 2015, and the Merit Board denied that application on October 27, 2015. Merkerson, Harris, and Richardson subsequently filed EEOC complaints, and this litigation followed.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The plaintiff, as the party invoking jurisdiction, bears the burden of demonstrating that jurisdiction exists. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). On a motion to dismiss for lack of subject matter jurisdiction, "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT&T Wireless Servs.*, 205 F.3d 983, 990 (7th Cir. 2000).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling

on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

The Merit Board first contends that Simpson, Richardson, and Harris lack standing to bring claims against it because the board certified their employment applications. The plaintiffs seemingly concede that Richardson and Harris' applications were approved by the Merit Board, and that accordingly those individuals cannot establish an injury in fact that is attributable to the Merit Board's conduct. *See Raines v. Byrd*, 521 U.S. 811, 818–19, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (recognizing that in order to meet Article III's standing requirements a plaintiff must allege a personal injury fairly traceable to the defendant's conduct). The plaintiffs also admit that Simpson's first application was approved by the Merit Board, although they assert that Simpson's subsequent applications, which were not detailed in the complaint, should be presumed to have been denied and therefore to support Simpson's standing. Although it is true that facts alleged in complaints are construed in the light most favorable to the plaintiffs when reviewing under Rule 12(b)(6), this favorable construction does not permit the Court to infer facts which are not alleged. This is especially the case when jurisdictional questions are implicated. *See Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (recognizing that it is the plaintiff's responsibility to clearly allege facts demonstrating standing). Accordingly, this Court declines to assume that Simpson was denied eligibility by the Merit Board and therefore concludes that Simpson has also failed to establish standing as to the Merit Board. Accordingly, only Merkerson has adequately alleged that he has standing to sue the Merit Board.

The Merit Board next contends that the plaintiffs failed to administratively exhaust their claims by filing EEOC charges of discrimination against the Merit Board. Ordinarily, a party must

be named in an EEOC complaint before a subsequent civil action alleging violations of Title VII can be brought. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981). An exception to this requirement, however, exists when the unnamed party has been given adequate notice of the charge under circumstances in which the party had the opportunity to participate in conciliation proceedings. *Id.* Here, none of the plaintiffs filed EEOC complaints against the Merit Board. Although Merkerson's EEOC complaint identified the Merit Board in its factual allegations and the Merit Board may have provided data relevant to the investigation, these facts do not establish that the Merit Board had notice that the charges at issue were being brought against it specifically or that it had the opportunity to participate in the proceedings on its own behalf. *Compare Davis v. Weidner*, 596 F.2d 726, 729 (7th Cir. 1979) (holding that an EEOC complaint against the "The University of Wisconsin-Green Bay" administratively exhausted claims against "the Board of Regents of the University of Wisconsin System" where the Board of Regents appeared through legal counsel throughout the administrative proceedings) *with Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989) (affirming the dismissal of a parent company that, although it had notice of EEOC charges against its subsidiary, did not have notice of any charges against it or the opportunity to conciliate on its own behalf). Accordingly, Merkerson has failed to demonstrate that he exhausted his administrative remedies.

The plaintiffs alternatively contend that the issue of administrative exhaustion is not ripe for resolution because failure to exhaust is an affirmative defense. *Schnellbaecher,* 887 F.2d at 126. A motion to dismiss based on an affirmative defense may only be granted when the complaint and accompanying documents establish that the affirmative defense applies. *Bibbs v. Sheriff of Cook County*, 618 Fed. Appx. 847, 849 (7th Cir. 2015). The plaintiffs' EEOC charges are central to their claim and, because they were referenced in the complaint, therefore may be considered at this stage in the proceedings. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007). The

4

EEOC charges at issue here plainly show that the Merit Board was never named as a party to the plaintiffs' EEOC proceedings, and thus the face of the complaint and the documents central to this case plainly establish the plaintiffs' failure to exhaust their administrative remedies with respect to the Merit Board.

The Merit Board further contends that Merkerson's section 1983 and Illinois Civil Rights Act claims are time barred. As this Court has previously found, under Illinois law a two-year statute of limitations applies to claims brought under 42 U.S.C. 1983 and the Illinois Civil Rights Act. Merkerson's employment was denied on October 27, 2015, and this case was not filed until January 24, 2018. Merkerson's claims under those acts were therefore untimely and are time-barred.

Having concluded that Simpson, Richardson, and Harris lack standing to pursue claims of discrimination against the Merit Board, that Merkerson failed to administratively exhaust his Title VII claims, and that Merkerson's section 1983 and Illinois Civil Rights Act claims are time barred, this Court need not reach the Merit Board's substantive arguments concerning the merits of the plaintiffs' section 1983 claims.

**Conclusion**

For the foregoing reasons, the Merit Board's motion to dismiss [21] is granted and the Merit Board is dismissed from this case without prejudice.

IT IS SO ORDERED.

Date: 9/13/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

5