IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joseph Simpson, *et al.* <br><br> *Plaintiff,* <br><br> -vs- <br><br> Cook County Sheriff's Office, *et al.,* <br><br> *Defendants.* | No. 18-cv-553 <br><br> Hon. Sharon Johnson Coleman |

**REPLY IN SUPPORT OF FED. R. CIV. P. 12 MOTION TO
DISMISS BY DEFENDANT COOK COUNTY MERIT BOARD**

Defendant, Cook County Sheriff's Merit Board, ("Merit Board") by its counsel, Kimberly Foxx, State's Attorney of Cook County, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiffs Amended Complaint (Docket No. 81). In support, the Merit Board states:

I. Introduction

Plaintiffs couch their Response to the Merit Board's Motion to Dismiss ("Response") in unnecessary hostility, but ultimately fail to rectify the nearly identical problems that plagued their initial Complaint, which was dismissed by this Court.[1] Specifically, in an effort to overcome the deficiencies identified by the Court in their initial Complaint, Plaintiffs' Amended Complaint contains a multitude of legal conclusions, and no facts sufficient to establish liability

---

[1] One of many non-substantive "attacks" against the underlying motion occurs in the first paragraph, where the Plaintiffs lament the "inexplicable" decision of the Merit Board to file a motion to dismiss instead of opposing the motion seeking leave to file. (Docket No. 108, p. 1). Setting aside the fact that it is standard operating procedure in most Courts to allow the amendment, and then file a motion to dismiss, the Merit Board was no longer a party to this case when the Amended Complaint was filed. As discussed in open Court, the undersigned could not even file an appearance on behalf of the Merit Board until this Court granted the motion for leave to file the Amended Complaint. The underlying motion was literally the first opportunity the Merit Board had to attack the sufficiency of the Amended Complaint.

1

against the Merit Board. As set forth in the underlying motion, and discussed further below, this Court should dismiss the claims against the Merit Board because: i) the Merit Board is not an employer or an employment agency, and thus not a proper party to this case (Section II.a); ii) Plaintiffs' claims are barred because they made no claim against the Merit Board to the EEOC (Part II.b); iii) Plaintiffs' disparate impact allegations cannot sustain a cause of action against the Merit Board sounding in Equal Protection (Section II.c); and Plaintiffs' 42 U.S.C. § 1981, 1983, and pendant state claims are time-barred (Section III.d). Accordingly, this Court should dismiss the claims against the Merit Board with prejudice.

II. Argument

    a. The Merit Board is Not a Proper Party to This Case.

        i. Title VII.

Plaintiffs do not dispute that the decisions in both *Coleman v. Sheriff of Cook County, et al.*, No. 16-C-2682 (N.D. Ill. Oct. 15, 2018)(Durkin, J.) and *Averhart v. Sheriff of Cook County*, 752 F.3d 1104 (7th Cir. 2014) stand for the proposition that the Merit Board cannot be sued under Title VII, and that such suits would be "frivolous." *Coleman*, at p. 3.[2] Instead, Plaintiffs argue that the *Coleman* and *Averhart* opinions are distinguishable and (by implication) incorrect in their interpretation of Title VII.

First, Plaintiffs argue that its Title VII claims against the Merit Board are appropriate because the Merit Board is and "employment agency" as defined by Title VII. Tellingly, Plaintiffs cannot cite to a single case identifying the Merit Board as an employment agency for the Sheriff. That is because the Merit Board is not an "employment agency," but instead was created by statute by the Illinois General Assembly. *See* 55 ILCS 5/3-7001, *et seq.* The Merit Board's duties include establishing rank within the Sheriff's Office and adjudicating disciplinary

---

[2] A copy of the *Coleman* opinion is attached to the underlying motion as Exhibit 3.

matters. Id. Plaintiff is unable to cite to a single case in this Circuit finding that a statutorily created government agency may be held liable under Title VII as an "employment agency."[3]

Instead, Plaintiff argues that the statutorily-created Merit Board is legally similar to undergraduate and law schools that attempt to secure employment for their students. (Response, pp. 4-5). Specifically, Plaintiffs cite to *Watanabe v. Loyola Univ. of Chi.*, 2000 U.S. Dist. LEXIS 9325 (N.D. Ill. June 27, 2000); *Kaplowitz v. Univ. of Chi*, 387 F. Supp. 42, 46 (N.D. Ill. 1974); and *Cannon v. Univ. of Chi.*, 559 F.2d 1063 (7th Cir. 1976). Curiously, none of the decisions cited by Plaintiffs actually find that the university or law school defendants are *in fact* employment agencies under Title VII. In *Watanabe*, Judge Gettleman determined that the Court could not decide at the pleading stage whether or not Loyola had acted as an employment agency *vis-à-vis* the plaintiff. 2000 U.S. Dist. LEXIS 9325 at *15. In other words, the Court needed more specific facts. *Id.* In *Kaplowitz*, the Court did "not make an express finding that the law school acted as an employment agency in order to decide the case." *Cannon*, 559 F.2d at n. 24. This is expressly acknowledged by the Seventh Circuit in *Cannon*. (*Id.*).

However, regardless of whether or not a law school is considered an employment agency, these cases do not support Plaintiffs claim regarding the Merit Board. The courts in *Wantanabe*, *Kaplowitz*, and *Cannon* each concluded that there was a factual question, and the actions of each Defendant were necessary to determine whether, as matters of law, they were acting as employment agencies. That is not the case here. The Merit Board exists and operates pursuant

---

[3] The cases cited by Plaintiff for this proposition from outside the district are easily distinguishable: *Hill v. Mississippi State Employment Serv.*, 918 F.2d 1233 (5th Cir. 1990) (this case was against the Mississippi State Employment Service (MSES), which was an agency specifically created (and funded) by the federal government to match qualified applicants with employers in the community. The Fifth Circuit affirmed the lower court's judgment in favor of the MSES); *Dumas v. Town of Mount Vernon*, 612 F.3d 974 (5th Cir. 1980) (without analysis, court states that the Mobile County, Alabama, Personnel Board was an employment agency pursuant to Title VII. The Court provides no rationale for its decision other than citing to the language of Title VII in a footnote); *Scaglione v. Chappaqua Cent. Sch. Dist.*, 209 F.Supp. 2d 311 (S.D.N.Y. 2002) (Defendant Westchester County Personnel Office, which was responsible for overseeing all of the hiring procedures for civil service jobs in the County, deemed an employment agency, relying in part on *Hill* and *Dumas*).

to statute. All of the duties and authority of the Merit Board are set forth in 55 ILCS 5/3-7001, *et seq*. There is no need to establish additional facts to determine that the Merit Board does not qualify as an employment agency. Again, Plaintiffs have failed to cite to *any authority* finding that the Merit Board is, or acts as, an employment agency.

Ultimately, Plaintiffs argue that this Court should ignore the *Averhart* and *Coleman* decisions for only one reason: It ends Plaintiffs' claims against the Merit Board. Plaintiffs argue that because the Merit Board's role in *Averhart* was quasi-judicial, that somehow carves out Title VII liability in this case. The Seventh Circuit in *Averhart* made no such distinction: on the contrary, it found that a Title VII claim against the Merit Board was "frivolous." Further, as with Plaintiffs' herein, *Coleman* in fact involved a claim wherein the plaintiff was not certified for employment from the Merit Board. It is apposite to this case, and Plaintiffs here are unable to distinguish it factually or legally.

For these reasons, and those set forth in the underlying motion and memorandum, the Merit Board should be dismissed from Counts I and II (the Title VII claims) with prejudice.[4]

      ii.     *Section 1983*

Plaintiffs argue that their Amended Complaint is more fulsome than that in *Bless* because their alleged "widespread custom or practice" claims "allege a pattern of underhiring *[sic] hundreds* of African Americans by the [Merit] Board and CCSO over several years." (Docket No. 108, p. 7)(emphasis in original). Plaintiffs fail to cite to their Amended Complaint even for this broad legal conclusion. This is telling. As set forth in greater detail in the underlying

---

[4] Plaintiffs additionally ask the Court not to dismiss their Amended Complaint on an "indirect employer" theory, which the Seventh Circuit has yet to weigh in on, and there is currently a split as to its efficacy among the Courts in this District. *See Brown v. Cook County*, 2018 U.S. Dist. LEXIS 106746, at *21-26. The Merit Board asks that this argument be dismissed out of hand, as there are no allegations in the Amended Complaint regarding this novel theory. To the extent Plaintiffs believe that this is an appropriate mechanism for relief, they should plead as such and allow Defendants to respond on the merits.

4

memorandum, Plaintiffs fail to allege any facts for this claim. Instead, they provide legal conclusions of wrongdoing and knowledge of wrongdoing without actually alleging what it was the Merit Board allegedly did to violate Plaintiffs' rights. Further, Plaintiffs make no real effort to distinguish this case from the *Bless* case, other than to note they have alleged the referenced legal conclusions. As was the case in *Bless*, Plaintiffs' Amended Complaint is devoid of factual allegations purporting to show how the Merit Board is properly before the Court. This is yet another basis for dismissal of all claims against the Merit Board.

> b. *In the Alternative, Plaintiffs' Title VII Claims Against the Merit Board Were Not Asserted Before the EEOC and as such, Counts I-II Should Thus be Dismissed.*

Plaintiffs do not dispute that they failed to name the Merit Board in its EEOC charge, or that this is generally fatal to Title VII claims. In fact, this Court made specific findings regarding Merkerson's EEOC charge when it dismissed Plaintiff's original Complaint. "Although Merkerson's EEOC complaint identified the Merit Board in its factual allegations and the Merit Board may have provided data relevant to the investigation, these facts do not establish that the Merit Board had notice that the charges at issue were being brought against it specifically or that it had the opportunity to participate in the proceedings on its own behalf." (Docket No. 74, p. 4). This Court *explicitly* found that the EEOC charge *did not* establish proper notice to the Merit Board under either the "adequate notice of the charges" standard, or the "circumstances in which the party had the opportunity to participate in conciliation proceedings" standard identified by the Plaintiffs. (See Docket No. 108, p. 9).

Plaintiff argues that the EEOC charge stated facts to implicate the Merit Board. However, it merely cited to portions of the EEOC charge itself, which was (as noted above) already considered and rejected by this Court. It does not cite to any facts. Instead, it string-cites a number of cases with fact-intensive analysis regarding whether a party unnamed in an

5

EEOC investigation could still be named in a lawsuit. Defendants do not dispute that this is possible given the correct facts. However, Plaintiffs have provided *no legal basis* for this Court to reconsider its decision that Merkerson's EEOC charge was legally insufficient to place the Merit Board on notice.

As to whether there was "adequate notice of the charges," nothing substantive has changed from the initial Complaint to the Amended Complaint. As set forth in the underlying memorandum, the only *factual* allegation added was that there was a meeting between the EEOC and the Executive Director of the Merit Board. Plaintiffs do not describe the meeting. However, this Court already determined that the Merit Board providing data to the EEOC is insufficient to establish the requisites identified above.[5] The remaining new allegations in the Amended Complaint, as set forth in the underlying memorandum, are either allegations of what the EEOC and the Sheriff knew/did, or are mere legal conclusions. Otherwise, Plaintiff merely cites to the EEOC charge already considered by the Court. (Docket No. 108, pp. 11-12).

Plaintiffs make no argument as to the fact that the Merit Board was not given the opportunity to participate in the conciliation proceedings. As such, the Merit Board relies on the arguments set forth in its underlying memorandum.

As to Plaintiff Simpson, he has now conceded that he did not file a charge with the EEOC, and that he wishes to "piggyback" on Merkerson's charge. (Docket No. 108, p. 12). As Merkerson's charge is insufficient, Counts I and II should also be dismissed as they pertain to

---

[5] Plaintiffs' derisively point out that the references to the "Cook County General Counsel's Office" in the Amended Complaint and in the underlying memorandum, were "clearly" meant to be the Cook County *Sheriff's* General Counsel's Office. However, this is an important distinction. A General Counsel for Cook County could have, theoretically, been representing both the Merit Board and the Sheriff at the EEOC. The Cook County Sheriff's General Counsel's Office was obviously present on behalf of the Sheriff, not the Merit Board. While the undersigned takes Plaintiffs' Counsel at their word that this was an error, the Court could have easily taken this allegation, in the light most favorable to the Plaintiffs, to mean that the Merit Board was represented by counsel while it was meeting with the EEOC. The corrected allegations do not support this reading.

Simpson. *See Zollicoffer v. Gold Std. Baking, Inc.*, 2018 U.S. Dist LEXIS 68214, *7-8 (N.D. Ill. Apr. 23, 2018).

> c. *Plaintiffs' Equal Protection Claim in Count III Based Upon Disparate Impact and Illinois Civil Rights Act Claim in Count V are Legally Unsound and Must Be Dismissed*

Plaintiffs fail to provide any factual allegations to support their legal claims that "African American applicants were being disproportionately rejected for employment as Correctional Officers." (Docket No. 81, ¶116; Docket No. 108, pp. 7-8). Plaintiffs confirm this in their Response, where instead of providing citations to factual allegations, all of the citations to the Amended Complaint are to legal and factual conclusions. Plaintiffs' argue that allegations that the Merit Board was "deliberately indifferent to the []constitutional right of equal protection," or that "Defendants knew that African American applications were being disproportionally rejected for employment as correctional officers" are sufficient. (Docket No. 108, pp. 7-8). They are not. A plaintiff cannot rely on labels and conclusions, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008) (citing *Papasan* v. *Allain,* 478 U.S. 265, 286 (1986)). Similarly, Plaintiffs' argument that allegations that the Merit Board excluded Simpson and Merkerson "on the grounds of [their] race, color, national origin, or gender" are merely legal conclusions without any factual support. Because the Complaint lacks any allegation or fact to bring such claims into the realm of plausibility, Counts III and V should be dismissed with prejudice.[6]

---

[6] The Merit Board does not, as Plaintiffs contend, argue that Plaintiffs had to re-plead facts for each claim. It is the Merit Board's position that Plaintiffs have not pled sufficient facts anywhere in their Amended Complaint to properly state a claim under Counts III and V.

7

    d. *Plaintiffs' Claims in Counts III - V are Time-Barred as to Plaintiff Merkerson and Must Be Dismissed*

This Court has already determined that Counts III – V are time-barred by the requisite statutes of limitation as to Plaintiff Merkerson. (Docket No. 74, p. 5). The Court specifically found that "Merkerson's employment was denied on October 27, 2015, and this case was not filed until January 24, 2018. Merkerson's claims under the act were therefore untimely and time-barred." (Id). Despite this clear finding, Merkerson has re-pled each of the claims.

The Merit Board anticipated Plaintiffs' argument, up to and including his reliance *Lewis v. Chicago*, 560 U.S. 205 (2010), and its progeny. It is undisputed that the Merit Board is not an employer, as it does not make final hiring decisions. (*See* Docket No. 81 at ¶ 69). Merkerson's claims against the Merit Board are not that he was not *hired* by the Merit Board, but that he was not *certified* for employment. (Docket No. 81, ¶ 67). Since the Merit Board could never have hired Merkerson, any claim against the Merit Board would have to be based on the Merit Board's role in the certification process. In fact, this Court has already held that Plaintiff's Richardson and Harris, both of whom were certified, have no claim against the Merit Board. (Docket No. 74, p. 3). The date that the Merit Board determined not to certify Merkerson (or alternatively the day he found out he was not certified) is the end of the Merit Board's role in the employment process. To the extent the actions of the Merit Board harmed Plaintiffs; they were harmed as of the day they were rejected.

Plaintiffs do not dispute this, but only argues that Merkserson did not know he was "harmed" by the Merit Board until white applicants were hired by the CCSO instead of him. However, this ignores the reality of the Merit Board, which is a wholly separate legal entity than the Sheriff's Office. In *Lewis*, the Defendant was the City of Chicago, who would have been the plaintiffs' employer had they been chosen to be firefighters. As such, there was a single entity

8

determining plaintiffs were not appropriate candidates, and ultimately hiring other candidates. The City of Chicago's role thus continued through the hiring process. Here, the Merit Board's role in the process ended when it determined not to certify Merkerson. As such, the statute of limitations began to run on October 27, 2016, the day he was denied certification. Merkerson's claims are untimely.[7]

III. Conclusion

For each of the foregoing reasons, Plaintiffs' Amended Complaint as directed against the Merit Board should be dismissed in its entirety and with prejudice.

Dated: February 1, 2019

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Lyle K. Henretty*
Lyle K. Henretty
Assistant State's Attorney
Conflicts Counsel
69 West Washington, Suite 2030
Chicago, IL 60602
(312) 603-1424
lyle.henretty@cookcountyil.gov
*Counsel for Defendant Merit Board*

**CERTIFICATE OF SERVICE**

I, Lyle K. Henretty, hereby certify that, in accordance with Fed. R. Civ. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), above was served pursuant to the District Court's ECF system to those who have entered appearances on the service list on February 1, 2019.

*/s/ Lyle K. Henretty*

---

[7] The Merit Board understands that this Court has previously applied the two-year limitations period to the ICRA claim. The argument was included in the underlying motion and memorandum in good faith and for purposes of preservation on appeal. Regardless, as set forth herein, Merkerson failed to file his claim within the two year statutory period identified by this Court, and thus his section 1983 and ICRA claims are untimely.