# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH D.G. SIMPSON, FREDERICK MERKERSON, MAURICE RICHARDSON, and JONATHAN HARRIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY SHERIFF'S OFFICE, COOK COUNTY SHERIFF'S MERIT BOARD, and COUNTY OF COOK <br><br> Defendants. | Case No. 18-cv-553 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

The plaintiffs, Joseph D.G. Simpson, Frederick Merkerson, Maurice Richardson, and Jonathan Harris, allege that the Cook County Sheriff's Office and Cook County Sheriff's Merit Board ("The Merit Board") have discriminated against them based on their race by rejecting their applications to be correctional officers, in violation of Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the Illinois Civil Rights Act, and the Equal Protection Clause of the United States Constitution. The Merit Board now moves to dismiss the plaintiffs' claims against it. For the reasons set forth herein, that motion is granted in part and denied in part.

**Background**

The plaintiffs allege that the Cook County Sheriff's Office and the Merit Board have engaged in a pattern of intentional discrimination and disparate treatment against African American applicants to be correctional officers.

The Cook County Sheriff's Merit Board is an administrative body authorized by statute. The Board's purpose is to create employment policies and make employment decisions for the Cook

1

County Sheriff's Office. The Merit Board is the final decisionmaker as to whether applicants are certified as "eligible for hire," a designation which is a prerequisite to the Sheriff's Office's final hiring decision. In order to be certified as eligible to hire, an applicant must pass a written examination, a situational examination, a physical fitness test, fingerprinting, drug testing, a background investigation, and an interview by a Merit Board investigator. The Merit Board is almost entirely white, and applicants' race is indicated throughout the information collected and considered by the Merit Board. Between 2013 and 2017, black applications were disproportionately likely to be denied certification by the Merit Board.

Simpson applied to be a correctional officer four times between 2014 and 2018. His 2015 application was certified by the Merit Board, but the Sheriff's Office rejected him for employment. His most recent application was rejected in 2018 based on his score on the Merit Board's written examination. Merkerson applied to be a corrections officer in 2015. The Merit Board refused to certify Merkerson as eligible to hire, despite the fact that Merit Board employees had remarked favorably on his qualifications. Merkerson's interviewer, however, had warned him that the Merit Board would try to "fuck [him] over, because they're not hiring black folks." Merkerson subsequently filed a charge of discrimination with the EEOC. Although that charge of discrimination did not name the Merit Board as a defendant, it contained allegations involving the Merit Board, the Merit Board was represented in the proceedings, and the Merit Board's Executive Director was interviewed. The remaining named plaintiffs, Richardson and Harris, were both certified for employment but were ultimately not hired by the Sheriff's Office, seemingly following the results of their post-certification polygraph examinations.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain

sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

As an initial matter, the Merit Board contends that it is not properly named as a defendant in this action. In order for the plaintiffs to bring a Title VII claim against the Merit Board, the plaintiffs must establish that the Merit Board was their employer. As the Seventh Circuit and other courts in this district have recognized, however, the Merit Board does not act as an employer, but instead acts as an agent of the Cook County Sheriff's Department, which delegates certain employment functions to it. *See Averhart v. Cook County Sheriff*, 752 F.3d 1104, 1106 (7th Cir. 2014) (concluding that the Merit Board was not an employer when acting in its capacity adjudicating proposed terminations); *Coleman v. Sheriff of Cook County*, No. 16 C 2682, 2018 WL 3740558, at *5 (N.D. Ill. Aug. 7, 2018) (Durkin, J.) (recognizing that the Merit Board acts as the Sheriff's agent for purposes of Title VII liability). Accordingly, the Merit Board cannot be properly sued directly as an employer under Title VII.

The plaintiffs alternatively argue that the Merit Board is an "employment agency" for purposes of Title VII. Although Title VII makes it illegal for an employment agency to engage in racial discrimination, the term "employment agency" is defined as only encompassing those who regularly undertake to "procure employees for an employer or to procure for employees opportunities to work for an employer." 42 U.S.C. § 2000e(c). Here, there is no allegation that the

3

Merit Board is procuring employees or employment. Instead, the plaintiffs allege that the Merit Board screens potential applicants on behalf of the Sheriff. The Court does not interpret this activity as falling within the scope of "procuring" those applicants or their employment, and thereby disagrees with the limited authorities from other jurisdictions holding to the contrary. *See generally Dumas v. Town of Mount Vernon, Ala.*, 612 F.2d 974, 980 (5th Cir. 1980) (stating without explanation that a county personnel board is an employment agency), overruled on other grounds by *Larkin v. Pullman-Standard Div., Pullman, Inc.*, 854 F.2d 1549, 1569 (11th Cir. 1988); *Scaglione v. Chappaqua Central Sch. Dist.*, 209 F. Supp. 2d 311, 318 (S.D.N.Y. 2002) (holding that a municipal service administrator responsible for administering all hiring procedures for municipalities within the county was an employment agency for purposes of Title VII). The Court also does not find the role of the Merit Board to be comparable to other private and public entities that affirmatively seek to procure job placements for others, such as the law school defendant in *Kaplowitz v. Univ. of Chi.*, 387 F. Supp. 42, 46 (N.D. Ill. 1974) (Marovitz, J.). The Court therefore rejects this argument.

The plaintiffs, in an alternative argument, attempt to assert that the Merit Board was their de facto or indirect employer because it asserted control over their employment. *See generally Harris v. Allen County Board of Commissioners*, 890 F.3d 680, 683 (7th Cir. 2018). The Merit Board, in a conclusory footnote, asserts that the allegations supporting this theory are insufficient and that this theory is not legally sound. The allegations in the complaint, however, establish that the Merit Board played a dispositive role in the hiring process at issue in this case. Accordingly, and in the absence of any contrary authority, the Court does not foreclose the plaintiff's indirect employment argument at this time.

The Merit Board also contends that the plaintiffs' Title VII claims must be dismissed because they were not administratively exhausted before the EEOC. Generally, a party not named in an EEOC charge may not be sued under Title VII. *Schnelbaecher v. Baskin Clothing Co.*, 887 F.2d

4

124, 126 (7th Cir. 1989). An exception to this requirement exists, however, when the unnamed party is given adequate notice of the charges and has the opportunity to participate in the EEOC conciliation proceedings. *Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981). Title VII does not require procedural exactness, and EEOC charges must be construed with the "utmost liberality" to join parties sufficiently named or alluded to in the factual statement. *Id.* at 906.

Here, Merkerson's charge of discrimination alleged that he was disqualified by the Merit Board, that the background questionnaire administered by the Merit Board included questions adversely impacting minority applicants, and that he had been told that the Merit Board was "not hiring black folks." The complaint alleges that the Cook County Sheriff's General Counsel's Office, which represented both the Sheriff and the Merit Board, actively participated in the investigation and responded to information requests on behalf of the Merit Board. The complaint also alleges that the Merit Board's Executive Director was extensively interviewed regarding the Merit Board's screening process. On the limited record before the Court, these allegations suffice to establish that the Merit Board had notice of the charges and had the opportunity to participate in the EEOC proceedings. Accordingly, Merkerson adequately exhausted his administrative remedies with respect to the Merit Board.[1]

The Merit Board next contends that the plaintiffs have failed to state a claim under 42 U.S.C. § 1983. In order to state a section 1983 claim under *Monell*, a plaintiff must allege that his constitutional injury was caused by the enforcement of an express policy, a widespread practice so permanent and settled as to constitute a custom or usage with the force of law, or a person with final policymaking authority. *Wragg v. Village of Thornton*, 604 F.3d 464, 467–68 (7th Cir. 2010). Here, the plaintiffs have clearly alleged that the Merit Board played a dispositive role in the Sheriff's

---

[1] It is undisputed that Simpson can piggyback on Merkerson's exhausted claims. *Anderson v. Montgomery Ward & Co., Inc.* 852 F.2d 1008, 1017–1018 (7th Cir. 1988).

hiring process, and that the Merit Board had a practice of either asking questions adversely impacting minority applicants and tracking applicants' race or of intentionally dismissing otherwise qualified black applicants. This allegation distinguishes this case from *Bless v. County Sheriff's Office*, No. 13-cv-4271, 2016 WL 958554 (N.D. Ill. March 8, 2016) (Lee, J.). In *Bless*, a *Monell* claim based on an employee's termination was rejected because the Merit Board merely served as the adjudicative body applying the employment policies of the Sheriff's office. Here, by contrast, it is alleged that the Merit Board has much greater discretion in the hiring process. Accordingly, the allegations in the complaint are sufficient to state a claim under section 1983.

The Merit Board further contends that Merkerson's section 1983 and Illinois Civil Rights Act claims are time barred. As this Court has previously held, the plaintiff's section 1983 and Illinois Civil Rights Act claims are subject to a two-year statute of limitations. The Merit Board denied Merkerson's certification for employment eligibility on October 27, 2015, and this case was not filed until January 24, 2018. Although the plaintiffs argue that Merkerson's claim did not accrue until the earliest date on which Merkerson could have been hired if he had been certified, the Court finds the plaintiffs' arguments for that accrual date to be unconvincing. Unlike the Title VII cases that the plaintiffs rely on, in this case Merkerson had explicit and certain knowledge that he would not be hired as a result of the Merit Board's determination that he was not eligible for hire. *See Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (recognizing that statutes of limitations begin to run when the plaintiff knows or should know of their injury). Accordingly, the Court once again concludes that Merkerson's section 1983 and Illinois Civil Rights Act claims against the Merit Board are time barred.

**Conclusion**

For the foregoing reasons, the Merit Board's motion to dismiss [104] is granted in part and denied in part. The plaintiffs' section 1983 and Illinois Civil Rights Act claims against the Merit Board are dismissed without prejudice.

IT IS SO ORDERED.

Date: 7/24/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge