Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Joseph D.G. Simpson, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 18-cv-553 |
| Thomas J. Dart, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: INDUSTRIAL/ORGANIZATIONAL SOLUTIONS
1520 Kensington Road, Suite 110; Oak Brook, IL 60523
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Rider A

| Place: Hughes Socol Piers Resnick & Dym<br>70 W. Madison Street, Suite 4000<br>Chicago, IL 60602 | Date and Time:<br>03/05/2019 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/12/2019

*CLERK OF COURT*
OR
/s/ Caryn C. Lederer

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
, who issues or requests this subpoena, are:

Caryn C. Lederer; 70 W. Madison St., Suite 4000; Chicago, IL 60602; clederer@hsplegal.com; 312-604-2622

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18 CV 553

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* INDUSTRIAL/ORGNIZATIONAL SOLUTIONS on *(date)* Feb 11, 2019, 5:15 am.

[X] I served the subpoena by delivering a copy to the named individual as follows: Kristen Dolada on *(date)* Tue, Feb 12 2019; or

[ ] I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ $0.00.

I declare under penalty of perjury that this information is true.

Date: 2-12-19

_____
*Server's signature*

Kyle Clutter 115-002370
_____
*Printed name and title*

230 S Clark Suite 254, Chicago, IL 60604
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Feb 12, 2019, 1:07 pm CST at Company: 1520 KENSINGTON ROAD SUITE 110, OAK BROOK, IL 60523 received by Kristen Dolada. Relationship: Authorized agent .. stated she was authorized to accept legal documents ;

Case: 1:18-cv-00553 Document #: 132-2 Filed: 08/16/19 Page 4 of 11 PageID #:940

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH D.G. SIMPSON, FREDERICK MERKERSON, MAURICE RICHARDSON, and JONATHAN HARRIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS J. DART, in his official capacity as Sheriff of Cook County, COOK COUNTY SHERIFF'S MERIT BOARD, and COUNTY OF COOK,<br><br>Defendants. | Case No. 18-cv-553 |

### RIDER A TO PLAINTIFFS' SUBPOENA TO INDUSTRIAL/ORGANIZATIONAL SOLUTIONS

Plaintiffs, through counsel, demand production of the following documents pursuant to Rule 45 of the Federal Rules of Civil Procedure and in accordance with the definitions and instructions included at the end of this Rider A.

1. All contracts between Industrial/Organizational Solutions ("IOS") and the Cook County Sheriff's Merit Board, Cook County, or the Cook County Sheriff's Office relating to any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board to applicants for the position of correctional officer from January 1, 2013 to the present, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment.

1

2. The National Criminal Justice Officer Selection Inventory, the Situational Based Assessment Styles Assessment, all other examinations administered, supplied, or scored by IOS for the Cook County Sheriff's Merit board from January 1, 2013.

3. The answer keys and all documents describing the scoring of the National Criminal Justice Officer Selection Inventory, the Situational Based Assessment Styles Assessment, all other examinations administered, supplied, or scored by IOS for the Cook County Sheriff's Merit board from January 1, 2013.

4. Any database, spreadsheet, or other document containing records of applicants for the position of correctional officer who took any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013 to the present.

5. Record layouts and data dictionaries for all databases, spreadsheets, or other documents with information concerning any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013 to the present.

6. The Scantron or other testing forms completed by individuals to whom IOS administered, supplied, or scored an examination for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013.

7. In addition to the documents requested in Request Number 2, a copy of all other documents, forms, or data reflecting the race of any individual sitting for an examination

administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment. For any individual for whom race information is missing, copies of documents reflecting the address of such individual.

8. The spreadsheets, databases, or paper documents into which any information from a Scantron or other testing form was imported, entered, or copied from any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013 to the present.

9. All documents and communications relating to the scoring of any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, including documents sufficient to determine the passing score for each examination administered from January 1, 2013 to the present.

10. All documents and communications relating to any job analyses or validation studies conducted or designed for any examination administered by IOS for the Cook County Sheriff's Merit Board including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment.

### DEFINITIONS

1. The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed,

3

punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof. Any document with any marks of any sheet or side thereof, including but limited to initials, routing instructions, metadata, date stamps, and/or any comment, marking or notation of any kind or character which is not a part of the original and/or any reproduction thereof, is to be considered a separate document.

2. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the Request. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Request.

3. "Communication" shall refer to any form of communication, including any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence,

memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

4. "Relate," "relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

### INSTRUCTIONS

1. Maintain all associated metadata for files produced in Excel, Access, or other native format.

2. Produce non-native files as single-page TIFFs, OCR'd, with load files.

3. Any Request that includes a call to produce electronic communications, including email or text messages, shall be construed to include a request for production of all associated metadata.

4. If a document requested is not within your possession or control, but you know of its existence, the response shall identify the document by author, title, recipient, date, and present location (if known).

5. Terms in the singular include the plural and vice versa.

6. If you object that any Request is overbroad or unduly burdensome, explain with particularity the grounds for your objection by explaining why you believe the request to be overly broad or unduly burdensome, and provide documents responsive to any portion of the Request to which you do not object (e.g. if you believe a request covers an overly broad period of time, produce all requested documents for the period of time you believe to be appropriate).

7. If you believe that responsive documents contain proprietary confidential information or other information protected by the Confidentiality Order entered in this case (ECF Dkt. No. 65, and attached as Exhibit 1), produce the document(s) and do one of the following: (1) mark the document(s) as CONFIDENTIAL; (2) identify each document you believe to be confidential under the Confidentiality Order and Plaintiffs' counsel will designate the document(s) as confidential before producing them to other parties in this case; or (3) inform Plaintiffs' counsel that your production includes undesignated confidential material and Plaintiffs' counsel will determine which documents contain Confidential Information as defined by the Confidentiality Order and designate them as such.

8. If an otherwise responsive document was, but no longer is, in your possession, custody or control, state or identify: (a) all such document(s) (or, where not possible, each category of such documents); (b) who last had possession, custody or control of the document(s); (c) what disposition was made of the document(s) (or storage device containing the ESI), including when, how, why and by whom; (d) each person that authorized such disposition, including when, how, and why; and (e) each person with knowledge of the reasons for and/or circumstances of the disposition.

9. If any information is withheld, in whole or in part, on the basis of a privilege or for any other reason, please set forth separately with respect to each such document:

    a. the nature of the privilege or ground claimed;
    b. the type of document;
    c. who created such document;
    d. when the document was created;
    e. each person who received or reviewed or had possession, custody or control of the document;
    f. the general subject matter of the document; and
    g. each and every fact or basis on which such privilege is claimed or under which the document is withheld.

10. Unless otherwise expressly stated, the time period covered by these document requests is January 1, 2013 to the present.