Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Joseph D. G. Simpson, et al.,

        Plaintiffs,

    v.

Thomas J. Dart, et al.,

        Defendants.

Case No.: 1:18-cv-553

### INDUSTRIAL/ORGANIZATIONAL SOLUTIONS'
### RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA

Industrial/Organizational Solutions ("IOS"), by its attorneys, Golan Christie Taglia LLP, pursuant to Federal Rule of Civil Produce 45, hereby responds to Joseph D.G. Simpson, Frederick Merkerson, Maurice Richardson, and Jonathan Harris, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), Subpoena as follows:

### General Objections

IOS' responses to the Subpoena are subject to and made without waiver of the following objections incorporating by reference each of the foregoing General Objections in each of the specific responses below:

1.      IOS objects to the Subpoena to the extent it may be construed as seeking documents: (i) prepared by or for any of IOS' attorneys; (ii) prepared in anticipation of litigation; or (iii) constituting or reflecting either, the impressions, conclusions, opinions, or legal research of IOS' counsel or confidential communications between IOS and its attorneys. Such information is protected from discovery under the attorney-client privilege or the attorney work product doctrine or both. Any production of documents subject to the attorney-client or work-

product privileges is inadvertent and does not constitute a waiver by IOS of the privileges.

2.      IOS objects to the Subpoena to the extent it seeks information in the possession, custody or control of any person other than IOS.

3.      IOS objects to this Subpoena on the grounds that it seeks information that imposes unreasonable annoyance, expense and oppression in violation of Federal Rule of Civil Procedure 34.

4.      IOS objects to any Subpoena request that seeks the disclosure of IOS' confidential or proprietary business information which is neither relevant nor likely to lead to the discovery of relevant information.

5.      By stating that it will produce all documents in its possession, custody, or control responsive to a particular Subpoena request, IOS does not represent that any such document exists. Rather, IOS is responding only that, to the extent such documents are located, they will be produced.

Without waiving any of the foregoing General Objections, IOS responds to each of Plaintiffs' Subpoena requests as follows, incorporating by reference each of the foregoing General Objections in each of the specific responses below:

### Documents to be Produced

1.      All contracts between Industrial/Organizational Solutions ("IOS") and the Cook County Sheriff's Merit Board, Cook County, or the Cook County Sheriff's Office relating to any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board to applicants for the position of correctional officer from January 1, 2013 to the present, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment.

**Response:**      In addition to the General Objections asserted above, IOS objects to Request No. 1 because it seeks documents that are publically available. IOS further objects to this Request because the requested documents can be obtained from Defendant, the County of Cook ("Cook

2

County"). Plaintiffs should be required to obtain such information from Cook County, and not from a non-party. Without waiving any general or specific objection, IOS will produce the original contract executed between IOS and Cook County upon entry of an agreed confidentiality order that restricts disclosure of documents produced by IOS.[1]

2. The National Criminal Justice Officer Selection Inventory, the Situational Based Assessment Styles Assessment, all other examinations administered, supplied, or scored by IOS for the Cook County Sheriff's Merit board from January 1, 2013.

**Response:** In addition to the General Objections asserted above, IOS objects to Request No. 2 because it is overbroad and would result in the disclosure of confidential and proprietary information. The National Criminal Justice Officer Selection Inventory, the Situational Based Assessment Styles Assessment, and all other examinations (collectively, the "Examinations") provided by IOS to the Cook County Sheriff's Merit Board (the "Merit Board") and/or Cook County contain trade secrets and other highly confidential information. It is critical that this information remain confidential because the Merit Board currently uses Examinations provided by IOS for the hiring and promotion of positions within Cook County. Generally, subpoenas requesting trade secret information are improper. *See American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987). Further, the Supreme Court has previously protected employment examinations from disclosure because the validity of the tests is tied to their confidentiality. See *Detroit Edison Co. v. NLRB,* 440 U.S. 301, 304 (1979) (finding that an employer's duty to provide relevant information to a bargaining representative did not require the disclosure of tests and test scores because employment examinations "present an extraordinarily compelling case for confidentiality."). Since that time, the courts have continued to recognize the importance of maintaining the confidentiality of tests used for employment

---

[1] The Confidentiality Order attached to Plaintiffs' Subpoena does not protect materials produced in response to a subpoena and does not adequately protect IOS' information. *See* Confidentiality Order, ¶ 1.

decisions. *EEOC v. City of Milwaukee*, 54 F. Supp. 2d 885 (E.D. Wis. 1999) (discussing that disclosure of testing information to the EEOC in a Title VII case was only proper because Congress established sufficient safeguards to protect against disclosure to the charging party); *EEOC v. C&P Telephone Co.*, 813 F. Supp. 874 (D.D.C. 1993) (recognizing that testing information is confidential commercial information). Additionally, in *EEOC v. Aon Consulting, Inc.*, the court explained that the disclosure of employment tests and validation studies "can simply destroy the value of the tests." 149 F. Supp. 2d 601, 608 (S.D. Ind. 2001). Such requests are even more inappropriate when directed at a non-party. The Examinations administered, supplied, or scored by IOS are confidential, and disclosure will destroy the value of the exams. Answering further, IOS objects because the documents sought are not relevant or necessary to the allegations in Plaintiffs' Complaint.

3.      The answer keys and all documents describing the scoring of the National Criminal Justice Officer Selection Inventory, the Situational Based Assessment Styles Assessment, all other examinations administered, supplied, or scored by IOS for the Cook County Sheriff's Merit board from January 1, 2013.

**Response:**      In addition to the General Objections asserted above, IOS objects to Request No. 3 because it is overbroad and would result in the disclosure of confidential and proprietary information. The answer keys and all documents describing the scoring of the Examinations by IOS for the Merit Board contain trade secrets and other highly confidential information. It is critical that this information remain confidential because the Merit Board currently uses Examinations provided by IOS for the hiring and promotion of positions within Cook County. Generally, subpoenas requesting trade secret information are improper. *See American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987). Further, the Supreme Court has previously protected employment examinations from disclosure because the validity of the tests is tied to their confidentiality. See *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 304 (1979)

4

(finding that an employer's duty to provide relevant information to a bargaining representative did not require the disclosure of tests and test scores because employment examinations "present an extraordinarily compelling case for confidentiality."). Since that time, the courts have continued to recognize the importance of maintaining the confidentiality of tests used for employment decisions. *EEOC v. City of Milwaukee*, 54 F. Supp. 2d 885 (E.D. Wis. 1999) (recognizing that disclosure of testing information to the EEOC in a Title VII case was only proper because Congress established sufficient safeguards from disclosure to the charging party); *EEOC v. C&P Telephone Co.*, 813 F. Supp. 874 (D.D.C. 1993) (recognizing that testing information is confidential commercial information). Additionally, in *EEOC v. Aon Consulting, Inc.*, the court explained that the disclosure of employment tests and validation studies "can simply destroy the value of the tests." 149 F. Supp. 2d 601, 608 (S.D. Ind. 2001). Such requests are even more inappropriate when directed at a non-party. The answer keys and related documents describing the scoring of IOS' Examinations are confidential, and disclosure will destroy the value of the exams. Answering further, IOS objects because the documents sought are not relevant or necessary to the allegations in Plaintiffs' Complaint.

4.      Any database, spreadsheet, or other document containing records of applicants for the position of correctional officer who took any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013 to the present.

**Response:**      In addition to the General Objections asserted above, IOS objects to Request No. 4 on the basis that it is vague, overly broad and unduly burdensome in that it requires IOS to review hundreds of documents. Answering further, the results provided to the Merit Board and/or Cook County after administering the Examinations contain candidate identifying information and exams scores. Plaintiffs should be required to obtain such information from the

5

Merit Board and/or Cook County, and not from a non-party. Without waiving any general or specific objection, IOS will produce responsive documents upon entry of a confidentiality order that restricts disclosure of documents produced by IOS.

     5.    Record layouts and data dictionaries for all databases, spreadsheets, or other documents with information concerning any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013 to the present.

**Response:**    In addition to the General Objections asserted above, IOS objects to Request No. 5 because exam results were provided to the Merit Board after administering the Examinations. Plaintiffs should be required to obtain such information from the Merit Board, and not from a non-party. Without waiving any general or specific objection, IOS states that it does not have any record layouts or data dictionaries.

     6.    The Scantron or other testing forms completed by individuals to whom IOS administered, supplied, or scored an examination for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013.

**Response:**    In addition to the General Objections asserted above, IOS objects to Request No. 6 on the basis that it is overbroad and unduly burdensome as it requires IOS to locate Scantrons kept in storage. Without waiving any general or specific objection, IOS will produce the Scantrons upon entry of a confidentiality order that restricts disclosure of documents produced by IOS.

     7.    In addition to the documents requested in Request Number 2, a copy of all other documents, forms, or data reflecting the race of any individual sitting for an examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment. For any individual for whom race information is missing, copies of documents reflecting the address of such individual.

6

**Response:**    In addition to the General Objections asserted above, IOS objects to Request No.

7 because it is vague, overbroad, and unduly burdensome, and nor proportional to the needs of

the case. IOS further objects to producing documents which are only available in hard copy and

have been damaged or warped as it would require IOS to incur the time and expense to manually

scan hundreds of documents. Answering further, IOS objects to this Request because Cook

County and/or the Merit Board administered the Examinations, and upon information and belief,

have documents responsive to this Request. Without waiving any general or specific objection,

Scantrons produced in response to Request No. 6 will contain responsive information. IOS will

produce the Scantrons upon entry of a confidentiality order that restricts disclosure of documents

produced by IOS.

8.    The spreadsheets, databases, or paper documents into which any information from a Scantron or other testing form was imported, entered, or copied from any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, from January 1, 2013 to the present.

**Response:**    In addition to the General Objections asserted above, IOS objects to Request No.

8 because it requests documents that are unreasonably cumulative and/or duplicative in that it

seeks documents already requested elsewhere (Request No. 4).

9.    All documents and communications relating to the scoring of any examination administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board, including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment, including documents sufficient to determine the passing score for each examination administered from January 1, 2013 to the present.

**Response:**    In addition to the General Objections asserted above, IOS objects to Request No.

9 because it requests documents that are unreasonably cumulative and/or duplicative in that it

seeks documents already requested elsewhere (Request No. 4). Answering further, IOS states

that scored Examinations are sent to Cook County by sending: (1) a form email; and (2) an

7

attachment containing the results. IOS objects to producing the form email communications as overly burdensome as it will require IOS to locate and search for hundreds of form emails that are irrelevant to the allegations in Plaintiffs' Complaint. Plaintiffs should be required to obtain such emails from Cook County, and not from a non-party. Without waiving any general or specific objection, IOS will produce responsive documents upon entry of a confidentiality order that restricts disclosure of documents produced by IOS.

10.     All documents and communications relating to any job analyses or validation studies conducted or designed for any examination administered by IOS for the Cook County Sheriff's Merit Board including but not limited to, the National Criminal Justice Officer Selection Inventory and the Situational Based Assessment Styles Assessment.

**Response:**     In addition to the General Objections asserted above, IOS objects to Request No. 10 because it is vague, overbroad, and unduly burdensome, and nor proportional to the needs of the case. Answering further, IOS objects because the documents sought are not relevant or necessary to the allegations in Plaintiffs' Complaint.

Dated: March 12, 2019

Respectfully submitted,

INDUSTRIAL ORGANIZATIONAL SOLUTIONS, Third Party Subpoena Respondent

By: *Rebekah Mintzer*
One of its Attorneys

Laura A. Balson, Esq.
Rebekah S. Mintzer, Esq.
Golan Christie Taglia LLP
70 W. Madison Street
Suite 1500
Chicago, IL 60602
(312) 263-2300
labalson@gct.law
rsmintzer@gct.law

8