**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **JOSEPH D.G. SIMPSON,** *et al.,* **on behalf of themselves and all others similarly situated,** ) ) ) | |
| | ) **Case No. 18 C 553** |
| **Plaintiffs,** ) | |
| | ) **District Judge Johnson Coleman** |
| | ) |
| **v.** ) | **Magistrate Judge Schenkier** |
| | ) |
| **SHERIFF TOM DART, in his official capacity,** *et al.,* ) ) ) | |
| | ) |
| **Defendants.** ) | |
| | |
| **and** | |
| | |
| **LOUIS MONAE, on behalf of himself and all others similarly situated,** ) ) ) | |
| | ) **Case No 18 C 424** |
| **Plaintiff,** ) | |
| | ) **District Judge Johnson Coleman** |
| **v.** ) | |
| | ) **Magistrate Judge Schenkier** |
| **SHERIFF TOM DART in his official capacity,** *et al.,* ) ) ) | |
| | ) |
| **Defendants.** ) | |

**ORDER**

Plaintiffs in these cases challenge the hiring practices for correctional officers at the Cook County Department of Corrections as racially discriminatory, under both disparate treatment and disparate impact theories. As part of the hiring process, an applicant must take and pass a written examination. Plaintiffs have sought to obtain by subpoena certain information about the written examinations and the applicants who have taken them from Industrial/Organizational Solutions ("IOS"), which provides the testing materials. IOS has produced certain of the requested information, and the motions to compel currently before the Court (Case No. 18 C 424: doc. # 131 and Case No. 18 C 553: doc. # 132) seek additional information sought by the subpoena but which IOS has withheld. The information at issue in the motions consists of (1) the examinations,

1

answer keys and documents describing the scoring process for examinations administered, supplied, or scored by IOS for the Cook County Sheriff's Merit Board since January 1, 2013 (Requests Nos. 2-3); (2) the race of the applicants who took those examinations (Requests Nos. 4 and 8); and (3) documents concerning any job analyses or validation studies conducted or designed for any examinations administered by IOS for the Cook County Sheriff's Merit Board (Request No. 10). The motions have been fully briefed. For the reasons that follow, we grant the motions to compel.

## I.

We begin with the requests for the examinations and the scoring information, and the validations information (Requests 2-3 and 10). IOS argues that this information is irrelevant because plaintiffs only claim that discrimination occurred *after* the examinations were administered and scored, not that the examinations themselves were racially discriminatory (Case No. 18 C 553, doc. # 142: IOS Resp. at 7). We disagree that plaintiffs' allegations may be so neatly segmented. The amended complaint challenges the "selection procedures," which plaintiffs allege "have never been validated through a demonstration of a demonstrable relationship to job performance" (Case No. 18 C 553, doc. # 81: Amended Complaint ¶ 86). Neither this allegation, nor the others in the amended complaint, limit plaintiffs' claims of discrimination to conduct that post-dates the results of the written examinations. In addition, defendants have asserted as affirmative defenses that any alleged differential treatment or results were not the product of discrimination, but instead were based on legitimate, job-related reasons or bona fide factors other than race (Case No. 18 C 553, doc. # 101: Answer, Affirmative Defenses Nos. 6-7). These defenses position the defendants to argue, for example, that Mr. Simpson's disqualification for failure to pass the written examination (Amended Complaint ¶ 27) was not discriminatory under either a disparate treatment or disparate impact theory. We find that the information sought about the examinations is relevant to the claims and defenses in this case.[1]

IOS argues that even if relevant, IOS should not be required to produce the information because of confidentiality concerns that are not sufficiently addressed by a confidentiality order (IOS Resp. at 7-8, 11). We have no question that the information at issue about IOS's examinations is confidential and valuable. However, valuable trade secret information is frequently produced in discovery under the protection of a confidentiality order. And, we note that after the subpoena

---

[1] IOS offers one additional relevance argument to the request for validation information: IOS says the only validation documents it possesses are not relevant because none of them are specifically designed for the tests that IOS provided for Cook County (IOS Resp. at 10-11). The documents that IOS possesses that it has withheld on this basis are "(1) a technical report containing national validation evidence for IOS; (2) a transportability validation study for a correctional position in Wisconsin; (3) a PowerPoint presentation given to Cook County; and (4) a user's manual pertaining to the administration of the examinations" (*Id.* at 10). IOS's argument is unpersuasive. IOS has offered no evidence that the validation information in these documents would not shed light on the question of validation of the examination used by Cook County. And, we can envision that studies assessing validation of the examinations may be relevant even if those studies were not specific to Cook County; indeed, one of the withheld documents is a PowerPoint that was presented to Cook County. In our view, the appropriate course here is to require production of the information, so that it may be vetted by the parties (and their experts) in order to better assess the probative value of the information.

was served on IOS, plaintiffs worked with IOS to amend the confidentiality order to address concerns expressed by IOS (*see* Case No. 18 C 553, doc. # 119: Motion to Amend Confidentiality Order). IOS does not explain what further safeguards it might consider appropriate. Instead, IOS appears to take a categorical view that the information is so valuable that IOS should not be required to produce it irrespective of what protections are afforded by the confidentiality order. We disagree. IOS does not enjoy any immunity from producing relevant information in the litigation.

## II.

We turn to the dispute concerning the production of information concerning the race of the applicants who took the examinations provided by IOS. There is no dispute about the relevance of this information and, indeed, plaintiffs concede that IOS has produced information about the race of applicants who took the examination (Pls.' Motion at 9). Rather, the dispute centers on the form in which that information is to be produced.

Plaintiffs complain that IOS has produced the information in "tens of thousands of individual scantrons," a form that is unnecessarily difficult to use and would require plaintiffs to create their own database (*Id.*), instead of as a field on spreadsheets that IOS has produced that already include each applicant's name and test score (*Id.* at 7). For its part, IOS concedes that it maintains the race information in two electronic files (.txt files and SPSS files) but argues that it should not be required to produce those files since that would "expose the answer key" which IOS says it should not be required to produce (IOS Resp. at 8). IOS further argues that because it does not maintain the information on the excel spreadsheets it has produced, it would impose an undue burden on IOS to require it to "export the race information into a new spreadsheet" (*Id.* at 9).

We are sensitive to concerns by non-parties to the burdens imposed by responding to subpoenas. However, we are not so sensitive that we permit a non-party merely to brandish the words "undue burden" as a defense to production, without proof as to the extent of the burden that truly would be imposed. Here, IOS has offered no details about the alleged burden that would be imposed by producing the information. Moreover, as we have explained, we reject IOS's argument that it should be relieved of producing the answer key information. Thus, we see no reason that IOS cannot produce the race information in data form, with minimal burden, by producing databases that contain that information along with answer key information that IOS must produce. To the extent that IOS prefers to produce the race information in a different manner, it is free do so as long as the information is produced in a data format. However, any additional burden imposed by choosing a different means of production is a burden that IOS has chosen to undertake, and not an undue burden imposed by the subpoena.

Accordingly, we grant the motions to compel. We order plaintiffs' counsel and counsel for IOS to confer about the length of time it will take IOS to produce the information required by this order, and by noon on October 10, 2019 to file with the Court a proposed deadline for the completion of that production.[2]

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

DATE: **October 2, 2019**

---

[2] Plaintiffs' reply asks that we also order IOS to produce candidate identification or social security numbers (Case No. 18 C 424, doc. # 138: Plaintiffs' Reply at 7 n.5). We will not consider requests made for the first time in a reply.