IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH D.G. SIMPSON, *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 18-cv-553 |
| Plaintiffs, | ) ) ) | Judge Sharon Johnson Coleman Mag. J. Heather K. McShain |
| v. | ) ) | |
| SHERIFF TOM DART, in his official capacity, *et al*. | ) ) | |
| Defendants. | ) | |

and

| | | |
|---|---|---|
| LOUIS MONAE, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 18-cv-424 |
| Plaintiff, | ) ) ) | Judge Sharon Johnson Coleman Mag. J. Heather K. McShain |
| v. | ) ) | |
| SHERIFF TOM DART, in his official capacity, *et al* | ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF ESI DISCOVERY**

Plaintiffs, through undersigned counsel, respectfully move pursuant to Fed. R. Civ. P. 26, 34, and 37 and L.R. 37.2 for an order compelling Defendant Dart ("the Cook County Sheriff's Office" or "the CCSO"), and Defendant Cook County Sheriff's Merit Board ("Merit Board")[1] to produce Electronically Stored Information ("ESI") which Plaintiffs have sought since March 2, 2020. In furtherance of this motion, Plaintiffs state as follows:

1. Plaintiffs provided Defendants with a proposed ESI protocol on March 2, 2020

---

[1] The Merit Board is only a party to *Simpson v. Dart*, et al., No. 18 C 553, and not to *Monae v. Dart, et al.*, No. 18 C 424.

1

which proposed custodians, timeframes, search terms and the method production. (Ex. A.) As of the time of this filing, Defendants have not produced a single document from the proposed searches, nor have Defendants provided Plaintiffs with a proposed timeline of production.

2. The parties set forth the status of the ESI disputes in a September 4, 2020 Joint Status Report (Case No. 18-533, Dkt. No. 181) and before the Court at the September 16, 2020 status hearing (Case No. 18-cv-553; Dkt. No. 186).

3. In sum, the parties have made progress toward an agreement, but not on a timeline sufficient to ensure timely ESI productions necessary to schedule and prepare for depositions. To date, Defendants have refused to provide dates certain for production. The parties are in agreement regarding the number of custodians whose email will be searched for email ESI (18 for the CCSO and 15 for the Merit Board), the custodians to be searched for non-email ESI (18 for the CCSO and 4 for the Merit Board), and the platform and software to be used for searching email (Relativity, which will search both emails and attachments of all sizes and formats). However, to date, the parties have not agreed on the following:

- A final list of search terms to be applied to both email and non-email ESI;
- A timeline for production of email and non-email ESI.

4. Between September 16, 2020 and September 24, 2020, the CCSO and Merit Board provided search term reports for email ESI for all custodians and broken down by custodians based on Plaintiffs' proposed search terms, and the CCSO provided a search term report for non-email ESI. The search reports indicated that without modifications:

- 248,064 documents hit on email ESI for all CCSO custodians;
- 12,528 documents hit on non-email ESI for all CCSO custodians;
- 52,775 documents hit on email ESI for the Merit Board custodians.

5. On September 30, 2020, the parties held a meet and confer on ESI search terms and the timeline of production. Plaintiffs agreed to remove a search term for the Merit Board ("solution") based on the number of hits, and the parties discussed potential modifications to terms that were similarly hitting on a large number of documents (namely, "Black," "CLEAR" and "disqualify*"). Plaintiffs requested that Defendants review the terms with large numbers of hits to determine what non-responsive documents were included, and to propose limitations accordingly.

6. At the September 30, 2020 meet and confer, Defendants took the position that they were unable to provide dates certain for ESI production until search terms were fully agreed upon, despite this Court's instruction that the parties meet and confer by September 23, 2020 on a proposed schedule for rolling productions by custodian. (Case No. 18-cv-553, Dkt. No. 186.)

7. On October 9, 2020, the CCSO proposed modifications to certain terms for CCSO custodians. (Ex. B.) Plaintiffs responded on October 15, 2020 with additional proposed modifications. (Ex. C.) To date, the CCSO has not provided its position on Plaintiffs' proposed modifications to the CCSO's search terms.

8. Regarding the Merit Board, for terms that overlap between the Merit Board and CCSO, Plaintiffs are willing to apply the same modifications for both parties. However, to date, the Merit Board has not proposed any modifications for its own unique search terms, nor has it confirmed agreement on ESI search term modifications proposed by Plaintiff.

9. Regarding the Merit Board's non-email ESI, on October 22, 2020, the Merit Board confirmed that shared files for four custodians would be transferred to Relativity for searches to be run, but has not provided a search term report for those custodians or a timeline of production.

10. The close of fact discovery in this case is currently set for December 23, 2020. (Case No. 18-cv-553; Dkt. No. 186.) Plaintiffs require productions of ESI in order to propose a

deposition schedule and to adequately prepare for depositions by the current close of discovery.

11. Accordingly, Plaintiffs now seek an order as follows:

   a. compelling the CCSO and Merit Board to run searches on email and non-email ESI for Plaintiffs' proposed search terms, as modified by Plaintiffs on October 15, 2020;

   b. compelling the Merit Board to confirm transfer of non-email ESI for agreed upon custodians to Relativity;

   c. compelling the CCSO and Merit Board to produce responsive documents from the searches on a rolling basis, by custodian, on the following dates:

      - November 13, 2020;
      - November 24, 2020;
      - December 7, 2020.

12. As set forth in the accompanying L.R. 37.2 statement, while the parties have made good faith attempts to resolve differences through various telephonic meet and confers, they are unable to reach an accord on a timeline of production consistent with the Court's orders and the current close of discovery date.

**WHEREFORE**, Plaintiffs seek an order compelling Defendants to produce responsive ESI as set forth above.

Dated:  October 29, 2020              Respectfully submitted,

                                      /s/ Chirag G. Badlani
                                      *One of the attorneys for Plaintiffs*

Marni Willenson
marni@willensonlaw.com
WILLENSON LAW, LLC
542 S. Dearborn St., Ste. 610
Chicago, IL 60605
(312) 508-5380
(312) 508-5382 Fax

Cyrus Mehri
CMehri@findjustice.com
Ellen Eardley
EEardley@findjustice.com
Michael Lieder
MLieder@findjustice.com
Joshua Karsh
JKarsh@findjustice.com
MEHRI & SKALET, PLLC
1250 Connecticut Ave., NW, Ste. 300
Washington, D.C. 20036
202.822.5100

Matthew J. Piers
mpiers@hsplegal.com
Caryn C. Lederer
clederer@hsplegal.com
Chirag G. Badlani
cbadlani@hsplegal.com
Justin Tresnowski
Jtresnowksi@hsplegal.com
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
312.580.0100

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2020, I caused a copy of the foregoing document to be served via the electronic case file system upon counsel of record for all parties.

/s/ Chirag G. Badlani
One of the attorneys for Plaintiffs