UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
Eastern Division

Joseph D.G. Simpson, et al.
                              Plaintiff,
v.                                              Case No.: 1:18−cv−00553
                                                Honorable Sharon Johnson Coleman
Sheriff Dart, et al.
                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, December 4, 2020:

    MINUTE entry before the Honorable Heather K. McShain: Telephonic motion hearing held 12/04/2020 held on plaintiffs' motions to compel ESI discovery ([183] in Case No. 18−cv−424 and [188] in Case No. 18−cv−553). At the hearing, plaintiffs and Cook County Sheriff's Merit Board confirmed they have reached agreement on search terms to be applied on email ESI. However, the Merit Board located an additional custodian of non−email ESI, Rosemary Nolan, whose records must be searched. Accordingly, the Merit Board shall perform a search of this custodian's non−email ESI and produce a search report to plaintiffs by 12/16/2020. The parties also represented that plaintiffs and the Cook County Sheriff's Office have not agreed on all search terms to be applied to the CCSO's ESI, particularly because 10 "problematic search terms" are producing an extremely large number of documents. Regarding the "problematic search terms," by 12/11/2020 CCSO shall provide plaintiffs with proposed modifications to these terms, a hit report, and an explanation of what documents are being caught by these terms. If this issue remains unresolved as of CCSO's production of 12/11/2020, plaintiffs and CCSO shall resolve all outstanding issues relating to the "problematic search terms" by 12/18/2020. The Court and the parties discussed dates for the rolling production of all email and non−email ESI and the difficulties that the rolling production poses for completing fact discovery (excluding damages discovery) by the current deadline of 12/23/2020, particularly in light of the possibility that, if depositions begin before the production is complete, one or more completed depositions may need to be reopened in light of documents produced later in the schedule. For the reasons discussed on the record, the Court orders that the rolling production of all ESI occur on 01/30/2021, 02/15/2021, and 03/15/2021, with the parties to decide among themselves which custodians' ESI shall be produced on each date. The Court extends the close of fact discovery (excluding damages discovery) to 05/31/2021 because good cause for the extension exists, given the issues relating to ESI discovery and the number of depositions that will need to be taken after the ESI production concludes. No further extensions of this deadline will be granted without good cause shown and must be presented to the District Judge. Because the schedule set forth above addresses all issues raised in the plaintiffs' motions to compel, those motions ([183] in Case No. 18−cv−424 and [188] in Case No. 18−cv−553) are denied as moot. The status report date of 12/07/2020 is stricken. Further joint status report to update the Court on the progress of discovery, including any issues relating to the ESI

discovery schedule, and to include a proposed schedule for expert discovery on the issue of exam validation (which the Court strongly encourages should also be completed by 05/31/2021), due 01/13/2021, and a telephonic status hearing is set for 01/15/2021 at 9:00 a.m. The Court will cancel the 01/15/2021 status hearing if the parties' joint status report states that there is no need for the hearing. If the telephonic status hearing proceeds, to participate the dial−in number is 888−684−8852, followed by access code 8623687#. Members of the public and media will be able to call in to listen to this hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.