# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH D.G. SIMPSON, et al., ) | |
| ) | Case No. 18-cv-0553 |
| Plaintiffs, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| SHERIFF TOM DART, in his official ) | |
| capacity, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed the present motion for leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2). In the second amended complaint, plaintiffs re-define the class definitions in this failure to hire class action lawsuit. For the following reasons, the Court, in its discretion, grants plaintiffs' Rule 15(a)(2) motion for leave to file a second amended complaint.

**Background**

Plaintiffs, on behalf of themselves and all others similarly situated, filed this lawsuit challenging the hiring practices for correctional officers at the Cook County Department of Corrections ("CCDOC") as racially discriminatory against African-Americans in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, the Illinois Civil Rights Act, 740 ILCS 23/5(a)(1), and the Equal Protection Clause of the United States Constitution. Plaintiffs are suing both the Cook County Sheriff's Office ("Sheriff's Office") and the Cook County Sheriff's Merit Board's ("Merit Board") based on theories of disparate impact and discriminatory intent.

Although the parties have engaged in motion practice and discovery, the Court has yet to certify a class in this matter, although a motion for class certification is pending. Relevant to this motion, in their reply brief in support of the motion for class certification, plaintiffs responded to

defendants' arguments by modifying the class definitions. In the proposed second amended complaint, plaintiffs seek to restructure their proposed class into smaller subclasses based on the defendants' five-step hiring process. Plaintiffs maintain that the second amended complaint does not add substantive allegations or new defendants, but adds additional plaintiffs to ensure there is adequate representation for the new subclasses.

**Legal Standard**

Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the courts' leave," and "the court should freely give leave when justice so requires." "District courts may deny leave to amend, however, where there is a good reason to do so: 'futility, undue delay, prejudice, or bad faith.'" *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020) (citation omitted). A "party may be prejudiced where the other has changed one of its critical legal theories at the eleventh hour in a way that the other side could not have foreseen." *Id.* District courts have considerable discretion whether to grant motions for leave to amend. *Glover v. Carr*, 949 F.3d 364, 368 (7th Cir. 2020). Moreover, "a district court has both the duty and the broad authority to exercise control over a class action." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

**Discussion**

In their joint response to plaintiffs' Rule 15(a)(2) motion for leave to amend, defendants take issue with the fact that plaintiffs have changed the class definition numerous times during the pendency of this lawsuit. It is not uncommon for plaintiffs and courts to shift or change class definitions during a lawsuit, especially one as complex as this disparate impact case. *See In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004) ("holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition."); *Schorsch v. Hewlett–Packard Co.,* 417 F.3d 748, 750 (7th Cir. 2005) ("Litigants and judges regularly modify class definitions"). In

2

addition, "rulings on certification in class action suits are tentative and can be revisited by the district court as changed circumstances require." *Butler v. Sears, Roebuck and Co.*, 727 F.3d 796, 798 (7th Cir. 2013). As such, there is nothing suspicious about plaintiffs modifying the class definition before a class has been certified, as defendants suggest.

Next, defendants argue that they will be prejudiced if the Court allows amendment because the parties have conducted significant discovery in this lawsuit, including statistical expert discovery. Defendants, however, do not explain how this expert discovery does not apply to the new subclasses. In response, plaintiffs maintain that there will be no need for additional statistical expert discovery because the amendment conforms the class definitions to the existing statistical analyses. Further, plaintiffs have offered to expedite written discovery responses from the new plaintiffs and assert that they do not need any additional Rule 30(b)(6) witnesses. The Court sees no reason why this final bit of discovery cannot be completed by the July 31, 2021 fact discovery deadline.

Defendants also argue the proposed second amended complaint increases the number of potential class members. To allay defendants' concerns over the proposed class definitions, plaintiffs offer to delete words from the definitions making it clear that they are not expanding the class. The Court concludes this is a good solution. Plaintiffs must edit the proposed definitions in their second amended complaint accordingly.

Next, Defendants' argument that plaintiffs have inserted a new injury or altered their theory of relief in the second amended complaint is unavailing. In the context of disparate impact cases, Title VII guarantees minorities and women the opportunity to compete equally with white workers based on job-related criteria. *Connecticut v. Teal*, 457 U.S. 440, 451 (1982). In other words, losing the opportunity to compete equally or being excluded from jobs due to race or gender, are actionable injuries. *See id.*; *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988). In their previous filings, plaintiffs called this injury a "loss of chance" and now they call it "loss of eligibility." Under

either description, plaintiffs are not changing their theory of relief, rather, in the context of the second amended complaint, the loss of eligibility during one of the levels of the relevant five-step hiring process reflects a lost job opportunity or exclusion from a job.

In the end, plaintiffs' second amended complaint does not change their "critical legal theories at the eleventh hour." *See R3 Composites Corp.*, 960 F.3d at 946. Instead, they are attempting to craft workable class definitions. In this context, the Court grants plaintiffs' motion.

**Conclusion**

Based on the foregoing, the Court, in its discretion, grants plaintiffs' Rule 15(a)(2) motion for leave to file a second amended complaint [238]. Plaintiffs must file their Second Amended Complaint as a separate docket entry. The Court denies defendants' joint motion to strike portions of plaintiffs' reply brief as moot [249]. Defendants' joint sur-reply to plaintiffs' motion for class certification is due on or before August 9, 2021.

Date: 6/3/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge