IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH D.G. SIMPSON, *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 18-cv-553 |
| Plaintiffs, | ) ) ) | Judge Sharon Johnson Coleman Mag. J. Heather K. McShain |
| v. | ) ) | |
| SHERIFF TOM DART, in his official capacity, *et al*. | ) ) | |
| Defendants. | ) ) | |

and

| | | |
|---|---|---|
| LOUIS MONAE, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 18-cv-424 |
| Plaintiff, | ) ) ) | Judge Sharon Johnson Coleman Mag. J. Heather K. McShain |
| v. | ) ) | |
| SHERIFF TOM DART, in his official capacity, *et al* | ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

Plaintiffs, Defendant Dart ("the Cook County Sheriff's Office" or "the CCSO"), and Defendant Cook County Sheriff's Merit Board ("Merit Board")[1] hereby submit this Joint Status Report pursuant to this Court's order of August 2, 2021, (No. 18-cv-533, Dkt. No. 311), and the Court's order of September 13, 2021, (No. 18-cv-533; Dkt. No. 331).

A status hearing is set for this matter on September 29, 2021.

**(a) The Court's Class Certification Ruling**: On September 13, 2021, the Court ruled on

---

[1] The Merit Board is only a party to *Simpson v. Dart*, et al., No. 18 C 553, and not to *Monae v. Dart, et al.*, No. 18 C 424.

Plaintiff's motion for class certification, denying the motion. Plaintiffs intend to petition for permission to appeal under Fed. R. Civ. P. 23(f).

**(b) The status of fact discovery**:

- Fact discovery closed on July 30, 2021, and fact depositions have been completed.

- On July 29, 2021, the Merit Board produced a privilege log listing over 550 documents, and on July 28, 2021, the CCSO produced a privilege log listing over 1,550 documents.[2] On August 24, 2021, Plaintiffs sent correspondence to both Defendants raising objections to many of the asserted privileges. On September 10, 2021, CCSO stated that it intended to produce three additional documents previously withheld, and sought a meet and confer for the week September 20, 2021 regarding Plaintiffs objections. The parties have not yet exhausted meet and confer requirements before bringing disputes regarding the asserting privileges to the Court's attention.

- In March of 2021, the CCSO made available for inspection and review all but 15 of the 1,072 hired candidate files. Plaintiffs reviewed files on-site and on July 26, 2021 requested copies of 44 of the files. On August 31, 2021, the CCSO produced the requested hired candidate files.

- Third-Party Discovery:
    - On April 12, 2021, Plaintiffs served a third document subpoena on Defendants' test vendor, Industrial Organizational Solutions (IOS), related

---

[2] For context, in total, the CCSO had produced over 118,000 pages of documents, in the particular searchable format requested by Plaintiffs and containing the original metadata. Based on the parties' disputes about the CCSO's use of computer-assisted ESI review, production of the majority of ESI in this matter occurred in between June 1, 2021 and July 20, 2021.

to its local validation analysis, and indicated an intent to depose its corporate representative following production of documents.

- o IOS did not initially serve objections and counsel for IOS repeatedly represented to counsel for Plaintiffs that documents responsive to the subpoena would be produced, representations that the parties relayed to the Court in filings seeking extensions. (18-cv-553; Dkt. Nos. 270, 297).
- o On July 20, 2021, the District Judge granted Plaintiffs' motion for leave to depose the IOS corporate representative after the close of discovery based on the representation that IOS would make a document production on July 19, 2021.
- o On July 20, 2021, IOS made a purported production that Plaintiffs contend lacked virtually all requested documents. On July 21, 2021, Plaintiffs notified counsel for IOS of the deficiencies and sought a meet and confer prior to moving for contempt under Fed. R. Civ. P. 45(g).
- o Plaintiffs and IOS agreed to proceed with the 30(b)(6) deposition of IOS' corporate representative, Dr. Mark Tawney, which commenced on August 9, 2021, and was completed on August 17, 2021.
- o On September 1, 2021, following Dr. Tawney's deposition, Plaintiffs sent counsel for IOS correspondence regarding subpoena compliance, stating that Dr. Tawney testified to the existence of several categories of documents and data covered by the subpoena requests—which had not been produced.
- o On September 9, 2021, Plaintiffs and IOS held a meet and confer regarding the IOS documents, and on September 13, 2021, IOS confirmed that it was

    objecting to producing additional documents.

   o Following the Court's September 13, 2021 class certification ruling, Plaintiffs and IOS have agreed to suspend the dispute over IOS's subpoena compliance until the Seventh Circuit's either denies Plaintiffs' Rule 23(f) petition or, if granted, rules on the merits of the appeal.

**(c) <u>Validation, Statistical Merits, Jail Business Necessity Expert and Damages Discovery</u>:**

- The Court has separately ruled that: (a) post-February 26, 2021 expert disclosures on validation due 90 days following a ruling on class certification; (b) additional statistical merits discovery and expert disclosures, including the jail business necessity expert, be completed 120 days following a ruling on class certification; and (c) damages discovery to be completed within 180 days following a ruling on class certification. (18-cv-553; Dkt. No. 253.)

- Given that the scope of validation, statistical merits, and damages discovery will depend on the resolution of Plaintiffs' Rule 23(f) petition, the parties seek to vacate the above-referenced schedule to be reset upon the resolution of Plaintiffs' Rule 23(f) petition or, if granted, upon the Seventh Circuit's ruling on the merits of the appeal.

**(d) <u>Pending Motions</u>:**

- On May 4, 2021, Defendant CCSO sent Plaintiffs' counsel a proposed standard HIPAA Protective Order as to two named Plaintiffs, seeking medical and disability records for the purpose of challenging the *prima facie* case and damages of these two named Plaintiffs based on their acceptance of disability benefits during the relevant time period. Thereafter, the parties engaged in multiple meet and confer

meetings regarding the issue. On July 7, 2021, Defendant CCSO filed a Motion for Entry of a HIPAA Protective Order and to Compel the Release of Records and Responses to Discovery. (18-cv-553; Dkt. No. 294.) On July 19, 2021, Plaintiffs responded (18-cv-553; Dkt. No. 299). On September 1, 2021, the Court ordered the CCSO to file a Reply addressing the specific areas where the parties disagree. (Dkt. No. 327). On September 8, 2021, CCSO filed a Reply. (18-cv-553; Dkt. No. 327, 328.)

- On July 13, 2021, the CCSO issued supplemental disclosures. On July 20, 2021, Plaintiffs filed a Motion to Strike Untimely Witness Disclosures prior to conducting a meet and cover with CCSO's counsel. (18-cv-553; Dkt. No. 303.) On July 26, 2021, the Court instructed Plaintiffs to contact Defendants to discuss the witness disclosures at issue in the motion, and ordered Defendants to file a response on July 30, 2021, if the parties were unable to resolve the dispute. (18-cv-553l Dkt. No. 306). The parties were not able to resolve the dispute, and on July 30, 2021, CCSO filed a response. (18-cv-553; Dkt. No. 308, 309.) Thereafter, on August 12, 2021, Plaintiffs requested leave of court to file a reply brief, instanter, which the court granted thereafter. On August 13, 2021, Plaintiffs filed a reply. (18-cv-553; Dkt. Nos. 315 - 317.)
  - o Defendant CCSO requests a hearing on Plaintiffs' attempt to strike its witness disclosures, or in the alternative, leave to file a Sur-Reply to notify the Court of what it contends are errors contained in Plaintiffs' Reply.

**(e) The status of settlement discussions, if any**:

The parties have not engaged in settlement discussions to date and believe that any

5

discussions have a realistic chance to be productive only after the resolution of Plaintiffs' Rule 23(f) petition.

  Dated: September 24, 2021                          Respectfully submitted,

/s/ Chirag G. Badlani
*One of the attorneys for Plaintiffs*

| | |
|---|---|
| Marni Willenson | Matthew J. Piers |
| marni@willensonlaw.com | mpiers@hsplegal.com |
| WILLENSON LAW, LLC | Caryn C. Lederer |
| 3420 W. Armitage Ave., Ste. 200 | clederer@hsplegal.com |
| Chicago, IL 60647 | Chirag G. Badlani |
| (312) 508-5380 | cbadlani@hsplegal.com |
| (312) 508-5382 Fax | Justin Tresnowski |
| | Jtresnowksi@hsplegal.com |
| Cyrus Mehri | HUGHES SOCOL PIERS RESNICK & DYM, LTD. |
| CMehri@findjustice.com | 70 W. Madison Street, Suite 4000 |
| Ellen Eardley | Chicago, IL 60602 |
| EEardley@findjustice.com | 312.580.0100 |
| Michael Lieder | |
| MLieder@findjustice.com | |
| Joshua Karsh | |
| jkarsh@findjustice.com | |
| MEHRI & SKALET, PLLC | |
| 1250 Connecticut Ave., NW, Ste. 300 | |
| Washington, D.C. 20036 | |
| 202.822.5100 | |

/s/ V. Brette Bensinger
*One of the attorneys for Defendant Thomas Dart*

  Tom H. Luetkemeyer
  Robert Thomas Shannon
  Leigh Christina Bonsall
  V. Brette Bensinger
  Hinshaw & Culbertson LLP
  151 N. Franklin Street #2500
  Chicago, IL 60606
  (312) 704-3056

/s/ Mia Buntic
*One of the attorneys for Defendant Cook County Sheriff's Merit Board*

6

Lyle Kevin Henretty
Mia Buntic
Cook County State's Attorney
50 West Washington
20th Floor
Chicago, IL 60602
312-603-1424

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 24, 2021, I caused a copy of the foregoing document to be served via the electronic case file system upon counsel of record for all parties.

                  /s/ Chirag G. Badlani
                  One of the attorneys Plaintiffs