IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH D.G. SIMPSON, FREDERICK MERKERSON, MAURICE RICHARDSON, JONATHAN HARRIS, DARIUS J. JOHNSON, CHARLES DUNNER, JR., ELZINA WILLIAMS-GRAY, and TIFFANY HARRISON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS J. DART, in his official capacity as Sheriff of Cook County, COOK COUNTY SHERIFF'S MERIT BOARD, and COUNTY OF COOK,<br><br>Defendants. | ) | Case No. 18-cv-553<br><br>Judge: Heather K. McShain |

Order Granting Final Approval of Class Action
<u>Settlement Under Fed. R. Civ. Proc. 23(e)</u>

Before the Court is Plaintiffs' Unopposed Motion for Final Approval, Attorneys' Fees and Expenses and Class Representative Service Awards (the "Motion").

1. Pursuant to the Order of Court of April 10, 2016 (Dkt. #556) and the terms of the Settlement Agreement, the Court defines the four Settlement Classes as follows:

> All Black applicants for Correctional Officer positions at the Cook County Jail who took and did not pass the NCJOSI2 (the first written test) after March 14, 2015 and before April 18, 2016.
>
> All Black applicants for Correctional Officer positions at the Cook County Jail who took and did not pass the NCJOSI2 (the first written test) after April 18, 2016 through May 30, 2025.
>
> All Black applicants for Correctional Officer positions at the Cook County Jail who took and passed the NCJOSI2 (the first written test) after March 14, 2015, and then took but did not pass the SBSA-LEO (the second written test) through May 30, 2025.
>
> All Black applicants for Correctional Officer positions at the Cook County Jail who took and passed the NCJOSI2 (the first written test) after March 14, 2015, and then took but did not pass the physical abilities test (PAT) through March 19, 2022.

2. The Court finds that the Settlement Administrator, CPT Group, Inc. has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement (Dkt. #556), as modified by its Order of June 3, 2026 (Dkt. #568), including dissemination of the Class Notice by mail, e-mail, and text messaging. The Court finds that the notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

4. Of approximately 3,500 class members, 1,586 have currently filed claims to receive monetary benefits under the terms of the Settlement, and no class member has objected to the terms of the proposed Settlement.

5. Pursuant to the parties' settlement agreement, the Court directs Defendant to deposit in the Qualified Settlement Fund $5,675,000.00 within seven days of the Effective Date of the Settlement.

6. The Court directs payment to Class Counsel a total sum of $1,891,666.67, constituting one-third of the $5,675,000 Settlement Fund. The Court finds that this award of attorneys' fees is fair and reasonable and less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the class at the outset of the litigation. The Court further finds that the costs and expenses advanced by Class Counsel were reasonably and necessarily incurred in the prosecution and resolution of this litigation, are of a type customarily billed to fee-paying clients in the market for comparable legal services, and were fronted by Class Counsel at their own risk with no guarantee of reimbursement. The Court therefore approves reimbursement of Class Counsel's litigation expenses in the amount of $343,862.46, to be paid from the Settlement Fund.

7. The Court directs payment in the amount of $5,000 to each of the five Named Plaintiffs, Joseph Simpson, Darius Johnson, Charles Dunner, Jr., Elzina Williams-Gray and Tiffany Harrison, as an incentive award. The Court finds that these awards are reasonable to compensate the Named Plaintiffs for the assistance that they provided to Class Counsel in this litigation. These payments shall occur at the same time that the Named Plaintiffs receive any settlement awards to which they are entitled.

8. CPT is directed to pay itself for the reasonable costs of settlement administration costs up to $28,156, from the Qualified Settlement Fund.

9. The Court directs CPT to issue settlement checks or electronic payments to all Class Members who did not timely opt out of the Settlement and who filed valid Claims, in the manner, amount, and time frame outlined in the parties' Settlement Agreement.

10. The Court shall maintain jurisdiction until the terms of the Settlement Agreement have been fully implemented, including payments and Hiring Relief for Class Members with the Merit Board and Cook County Sheriff's Office. The Parties shall meet and confer regarding language for potential dismissal of the case without prejudice, with the Court to retain jurisdiction as provided in the settlement agreement. The Parties shall file a joint status report about this language by September 4, 2026.

IT IS SO ORDERED.

DATED: August 29, 2026

Heather K. McShain

THE HONORABLE HEATHER MCSHAIN
UNITED STATES MAGISTRATE JUDGE